1 | Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
2 | K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
3 | K&L GATES LLP
Four Embarcadero Center, Suite 1200
4 | San Francisco, CA 94111
5 | Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

*Attorneys for Plaintiff*
*Corsair Gaming Inc. d/b/a CORSAIR*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING, INC. d/b/a CORSAIR<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC. d/b/a AMAZON SELLER CHOICE ELECTRONICS (SERIAL NUMBERS RECORDED)<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Corsair Gaming, Inc. d/b/a CORSAIR ("Plaintiff" or "CORSAIR"), by and through its undersigned counsel, complains of Defendant Choice Electronics Inc. d/b/a Amazon Seller Choice Electronics (Serial Numbers Recorded) (Amazon Seller ID A18UQSTHS8A7FY) ("Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. CORSAIR seeks injunctive relief and monetary damages for Defendant's trademark infringement, false advertising, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Business and Professions Code §§ 17200 *et seq.* from Defendant's wrongful and infringing promotion and sale of CORSAIR's products, through online commerce sites including but not limited to, Amazon.com. Defendant's conduct has produced and, unless enjoined by this Court will continue to produce a likelihood of consumer confusion and deception, to the irreparable harm of CORSAIR.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. Defendant is subject to personal jurisdiction in this forum because Defendant misrepresented the nature of products to residents of the State of California and this District; because Defendant has sold products to residents of the State of California and this District; because Defendant has caused injury to CORSAIR's trademarks in the State of California and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the State of California and this District; because Defendant regularly conducts or solicits business within the State of California and this District; because Defendant regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

4. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff Corsair Gaming, Inc. is a Delaware corporation with its principal place of business in Milpitas, California. CORSAIR designs, manufactures, and sells a variety of high-performance computer and gaming products in the United States under the "CORSAIR," "elgato," "ORIGIN PC," "SCUF," and "Drop" brand names (the "CORSAIR Products").

6. Defendant Choice Electronics Inc. d/b/a Amazon Seller Choice Electronics (Serial Numbers Recorded) (Amazon Seller ID A18UQSTHS8A7FY) is a New York corporation with its principal place of business located at 478 Albany Ave., Suite #5, Brooklyn, New York 11203. Defendant does business or has done business within the State of California and this District through various online commerce sites, including, but not limited to, Amazon.com. Defendant is an unauthorized reseller of CORSAIR Products.

**FACTS GIVING RISE TO THIS ACTION**

**A.   CORSAIR's Trademark Usage**

7. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with computer and gaming products (hereinafter, the "CORSAIR Marks"). The CORSAIR Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|---|---|---|
| **CORSAIR** | February 20, 2007 | 3,209,882 |

8. The CORSAIR Marks have been in continuous use since at least their respective dates of registration.

9. Said registrations are in full force and effect, and the CORSAIR Marks are incontestable pursuant to 15 U.S.C. § 1065.

10. CORSAIR advertises, distributes, and sells its products to consumers under the CORSAIR Marks.

11. CORSAIR has also acquired common law rights in the use of the CORSAIR Marks throughout the United States.

12. CORSAIR's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of CORSAIR's exclusive ownership of the CORSAIR Marks.

13. CORSAIR has invested significant time, money, and effort in advertising, promoting, and developing the CORSAIR Marks throughout the United States and the world. As a result of such actions, CORSAIR has established substantial goodwill and widespread recognition in its CORSAIR Marks, and those marks have become associated exclusively with CORSAIR and its products by both customers and potential customers, as well as the general public at large.

14. To create and maintain goodwill among its customers, CORSAIR has taken substantial steps to ensure that products bearing the CORSAIR Marks are of the highest quality. As a result, the CORSAIR Marks have become widely known and are recognized throughout the state of California and this District, the United States, and the world as symbols of high quality products.

15. For example, each CORSAIR Product intended for resale in the United States market is protected by the CORSAIR limited warranty (the "CORSAIR Warranty").

16. Per its terms, only CORSAIR Products purchased from CORSAIR directly, or through an authorized CORSAIR reseller, qualify for CORSAIR's Warranty. Specifically, the CORSAIR Warranty[1] states:

---

[1] *Available at*: https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty.

## Overview

- Corsair provides a warranty for its products, starting from the day your purchase from an authorized Corsair reseller was delivered.
- The warranty period will vary by specific product. You can find the warranty period on the product package, in the user documentation, or the listing of Corsair warranty periods below*. If you see different warranty periods for a product, the longest warranty period applies.
- Corsair warrants that the product will be free from defects in material and workmanship for the specified period.
- This warranty is limited to the original purchaser and is non-transferable, except where prohibited by applicable local law.
- All certified refurbished products have a 90-day, replacement-only warranty*.

**PLEASE NOTE:**

In the United States of America, the following Corsair products are only covered by Corsair's warranty if they are purchased from Corsair.com or a Corsair-authorized reseller:

- DRAM
- SSD
- Gaming chairs
- Headsets
- Keyboards
- Mice
- Mousepads
- Peripheral accessories
- Elgato-branded products

Corsair's warranty will not be available if you purchase any of the above products from an unauthorized reseller.

17. As a result of, *inter alia*, the care and skill exercised by CORSAIR in the conduct of its business, the high quality of the goods sold under the CORSAIR Marks, and the extensive advertising, sale, and promotion by CORSAIR of its products, the CORSAIR Marks have acquired secondary meaning in the United States and the world, including this District.

18. CORSAIR is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the CORSAIR Marks.

B.  **Defendant's Infringing and Improper Conduct**

19. Defendant has sold and is currently selling products bearing the CORSAIR Marks on several online retail platforms, including, but not limited to, Amazon.com.

20. CORSAIR has never authorized or otherwise granted Defendant permission to sell CORSAIR Products.

21. Defendant represents that the CORSAIR Products it offers for sale on Amazon.com are "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin.

22. Because Defendant purchases CORSAIR Product from return and liquidation stock, it is unaware of the condition or the prior chain of custody of the CORSAIR Product it sells. Therefore, all CORSAIR Products sold by Defendant are non-genuine products.

23. Below is an example of Defendant's product listings advertising products bearing the CORSAIR Marks to consumers in the United States on the Internet:



> **Corsair K70 RGB PRO Mechanical Wired Gaming Keybo...**
> ★★★★☆ 1,712 ratings
> **New**
> -28% $122⁵⁰
> List Price: $169.99
>
> FREE delivery **Tuesday, December 24**. Details
> Or fastest delivery **Friday, December 20**. Order within 14 hrs 25 mins. Details
> **Arrives before Christmas**
>
> Ships from: Choice Electronics(Serial Numbers Recorded)
> Sold by: Choice Electronics(Serial Numbers Recorded)
> ★★★★☆ (1278 ratings)
> 89% positive over last 12 months

24. Defendant's advertisement of CORSAIR Products and use of the CORSAIR Marks provides customers with a false assurance that the products they purchase from Defendant conform with CORSAIR's high standards and work as intended, when in fact they are receiving non-genuine CORSAIR Products.

25. Defendant advertises falsely advertises the CORSAIR Products it offers for sale and sells on the Internet to United States consumers using the CORSAIR Marks.

26. Specifically, Defendant advertises "new" CORSAIR Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin.

27. By advertising "new" CORSAIR Products to consumers in the United States, Defendant falsely represents and/or creates the false impression that the products are accompanied by the corresponding CORSAIR Warranty. However, the products bearing the CORSAIR Marks which are liquidated, used, or non-genuine product of unknown origin actually sold and delivered to consumers by Defendant are materially different products.

28. Furthermore, Defendant falsely advertises CORSAIR Products on Amazon.com. Defendant represents that the CORSAIR Products they offer for sale on Amazon.com are "new," yet Defendant's CORSAIR Products on Amazon.com are not in "new" condition as advertised.

29. Amazon's announced Terms and Conditions[2] require that in order to advertise a product as "new," it must carry the manufacturer's warranty:

> **General condition guidelines**
>
> The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines listed below:
>
> **New:**
>
> Just like it sounds. A brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments. Original packaging is present for most New items but certain items like shoes may be re-boxed.

30. Pursuant to its terms, the CORSAIR Warranty applies only to CORSAIR Products "purchase[d] from an authorized CORSAIR reseller."

31. Because Defendant is not authorized to sell CORSAIR Products, the CORSAIR Warranty excludes products sold by Defendant. The CORSAIR Products offered for sale and sold by Defendant are not covered – and cannot be covered – by the CORSAIR Warranty.

32. Because Defendant's CORSAIR Products are not covered by the CORSAIR Warranty, the products bearing the CORSAIR Marks actually sold and delivered to purchasing customers by Defendant via Amazon.com are not in "new" condition pursuant to Amazon's Terms and Conditions, as advertised.

33. Defendant's advertisement of "new" CORSAIR Products when they are in fact not new and not covered by the CORSAIR Warranty has caused consumer confusion and harm.

34. In addition to harm to consumers, the sale of non-genuine CORSAIR Products directly harms CORSAIR. When consumers purchase CORSAIR Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of CORSAIR is diminished because they receive liquidated, used, or non-genuine product of unknown origin. CORSAIR's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's conduct, CORSAIR suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

35. Indeed, on December 16, 2024, a customer of Defendant named Teresa K. left the following 1-star (out of 5-star) review:

---

[2] *Available at*: https://sellercentral.amazon.com/help/hub/reference/external/200339950.

COMPLAINT AND DEMAND FOR JURY TRIAL

321807643.1

> "DO NOT BUY FROM THIS SELLER!!!!!! Seller sent damaged item. Trying to say I did the damage."

36. Similarly, on December 14, 2024, a customer of Defendant, "Amazon Customer", left the following 1-star review on Defendant's page:

> "Sent me a defective unit and then have me 8 dollars for a refund on a 150$ item. Don't buy here."

37. On November 4, 2024, another customer of Defendant, James, left the following 1-star review on Defendant's page:

> "Item received didn't work and they still made me pay for return shipping ($100) and still didn't give full refund. Don't buy from these people."

38. On December 19, 2023, another customer of Defendant, Kevin, left the following 1-star review on Defendant's page:

> Received used item with expired warranty

39. On December 18, 2024, a customer of Defendant, "Wen D.", left the following 2-star review on Defendant's page:

> "There are 2 other labels under my address ship label on the box. Appears this product was returned at least twice and then sold again as new to me as a new product. Very very shady. They didn't even bother removing all the old labels or getting a new box. Tons of shipping tape on it."

40. Offering CORSAIR Products as "new" despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin results in poor brand experiences such as the above.

41. Defendant's conduct results in consumer confusion, the dilution of CORSAIR's goodwill and trade name, as well as lost sales and profits of actual "new" CORSAIR Products.

42. Defendant is also improperly manipulating the online review system and falsely advertising its positive online review score in order to deceive customers and improperly compete with CORSAIR for sales.

43. Defendant's storefront lists the following:



44. Defendant goes so far as to claim that it has had only sixteen (16) reviews below 3-stars.

45. Customers rely upon and use the above positive rating when deciding which merchant to make a purchase from.

46. However, Defendant's true rating is far lower than it appears, as Defendant is purposefully hiding poor reviews by falsely reporting these reviews as being the fault of the fulfillment service. In short, Defendant is purposefully suppressing honest negative reviews it has received from customers.

47. After receiving a poor customer review, Defendant falsely reports the poor customer review as being the fault of the fulfillment service with full knowledge that the fulfillment service had no part in the product which created the poor customer experience.

48. When reported in this manner, the review does not count towards the seller's feedback score.

49. Despite holding itself out to consumers as having 89% positive feedback over the last 12 months, approximately 62 of Defendant's customers have left a 1-star review, 11 have left a 2-star review, and 3 left a 3-star review. Thus, instead of sixteen (16) poor reviews, Defendant

has actually received approximately 76 poor reviews in the last 12-months, which is more than half of the reviews it received.

50. By falsely reporting the poor feedback as a fulfillment issue with full knowledge that it is instead a product issue, Defendant purposefully manipulates the feedback to artificially inflate its feedback and positivity score all to its benefit but to the detriment of unsuspecting customers and legitimate resellers who do not engage in this practice.

51. But for Defendant's manipulation and purposeful suppression of honest negative reviews, it would have a far lower feedback and positivity score resulting in far less sales to Defendant and more sales to CORSAIR (which uses Amazon as a retailer).

C.  **Likelihood of Confusion and Injury Caused by Defendant's Actions**

52. Defendant's actions substantially harm CORSAIR by placing infringing, falsely advertised CORSAIR Products into the stream of commerce in the United States through a storefront with an artificially high feedback rating.

53. Defendant's advertisement and sale of non-genuine products bearing the CORSAIR Marks has caused – and is likely to continue causing – consumer confusion by representing to consumers that the CORSAIR Products offered by sale by Defendant are "new" when they are not.

54. Defendant's advertisement and sale of non-genuine products bearing the CORSAIR Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding CORSAIR's sponsorship or approval of those products, creating a false designation of origin in the minds of consumers.

55. Defendant's actions substantially harm CORSAIR's goodwill and reputation when consumers learn that the products bearing the CORSAIR Marks they have purchased from Defendant are not as advertised and from a far less reputable reseller than it appeared.

56. Defendant's conduct results in consumer confusion as well as the dilution of CORSAIR's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

57. Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised CORSAIR Products to the detriment of CORSAIR.

58. As a result of Defendant's actions, CORSAIR is suffering a loss of the enormous goodwill it created in the CORSAIR Marks.

59. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to CORSAIR's irreparable harm.

## COUNT I

### Trademark Infringement in Violation of 15 U.S.C. § 1114

### (as to resale of products)

60. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

62. The acts of Defendant alleged herein constitute the use in commerce, without the consent of CORSAIR, of a reproduction, counterfeit, copy, or colorable imitation of the CORSAIR Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe CORSAIR's rights in the CORSAIR Marks, all in violation of the Lanham Act.

63. Defendant's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

64. Defendant's use of the CORSAIR Marks in the advertisement or sale of CORSAIR Products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

65. As a direct and proximate result of Defendant's actions, CORSAIR has been, and continues to be, damaged by Defendant's activities and conduct.

66. Defendant has profited thereby, and, unless their conduct is enjoined, CORSAIR's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be

calculated or compensated by money damages. Accordingly, CORSAIR is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## **COUNT II**

### **False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

### **(as to resale of products)**

67. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

69. CORSAIR engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the CORSAIR Marks, throughout the United States.

70. The CORSAIR Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing CORSAIR's products and services.

71. By selling or distributing products using the CORSAIR Marks that are different from those sold by CORSAIR as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to CORSAIR and its goods and services in violation of 15 U.S.C. § 1125(a).

72. By advertising or promoting products using the CORSAIR Marks that are different from those sold by CORSAIR as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

73. Defendant's continued use of the CORSAIR Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

74. Defendant has used, and continues to use, the CORSAIR Marks to sell products that are different from those sold by CORSAIR in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless

enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to CORSAIR's goodwill and reputation as symbolized by the CORSAIR Marks, for which CORSAIR has no adequate remedy at law.

75.   Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

76.   By selling and advertising products under the CORSAIR Marks that are different from those sold by CORSAIR, Defendant is using the CORSAIR Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without CORSAIR's consent. Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, CORSAIR and its goods and services in violation of 15 U.S.C. 1125(a). Accordingly, CORSAIR is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

77.   As a direct and proximate result of Defendant's actions, CORSAIR has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, CORSAIR's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, CORSAIR is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III

### False Advertising in Violation of 15 U.S.C. S 1125(a)

### (as to resale of products)

78.   CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79.   Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products and/or the positivity or feedback

rating of its storefront. These false statements actually deceive, or have a tendency to deceive, a substantial segment of CORSAIR's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of CORSAIR's customers.

80. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

81. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to CORSAIR for which there is no adequate remedy at law. As such, CORSAIR is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

82. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

83. Pursuant to 15 U.S.C. § 1117, CORSAIR is entitled to recover from Defendant the damages sustained by CORSAIR as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

84. Pursuant to 15 U.S.C. § 1117, CORSAIR is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its unlawful acts. CORSAIR is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

85. Pursuant to 15 U.S.C. § 1117, CORSAIR is further entitled to recover the costs of this action. Moreover, CORSAIR is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling CORSAIR to recover additional damages and reasonable attorneys' fees.

## COUNT IV

**Violation of Business and Professions Code §§ 17200 et seq.**

**(as to resale of products and review manipulation)**

86.   CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

87.   The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

88.   Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

89.   Defendant's misconduct has a tendency and likelihood to deceive members of the public.

90.   The foregoing acts and practices have caused substantial harm to CORSAIR.

91.   As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, CORSAIR has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

92.   Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving CORSAIR of property and/or legal rights or otherwise causing injury. Defendant's conduct subjected CORSAIR to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling CORSAIR to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

**WHEREFORE,** CORSAIR prays for judgment against Defendant as follows:

A. Finding that, (i) as to Count I, Defendant's unauthorized sale of CORSAIR Products infringes on CORSAIR's registered trademark, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendant's unauthorized sale of CORSAIR Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Defendant's false advertisement of CORSAIR Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); and (iv) as to Count IV,  Defendant's actions constitute a violation of

California law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    i. Using or attempting to use, any of CORSAIR's intellectual property, including, but not limited to, the CORSAIR Marks;

    ii. Advertising, selling, or taking any steps to sell, any products bearing the CORSAIR Marks in an improper manner;

    iii. Engaging in any activity constituting unfair competition with CORSAIR; and

    iv. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Award CORSAIR its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 et seq;

C. Award CORSAIR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 et seq;

D. Award CORSAIR statutory damages of $2,000,000.00 per mark pursuant to 15 U.S.C. § 1117(c);

E. Award CORSAIR exemplary and punitive damages in an appropriate amount;

F. Enter judgment that Defendant's acts of infringement have been knowing and willful;

G. Award CORSAIR its reasonable attorneys' fees in bringing this action as allowed by law;

H. Award CORSAIR pre-judgment and post-judgment interest in the maximum amount allowed under the law;

I. Award CORSAIR the costs incurred in bringing this action; and

J. Award CORSAIR such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

CORSAIR hereby requests trial by jury on all claims so triable.

Dated: January 2, 2025                    K&L GATES LLP

                                          By:  /s/ *K. Taylor Yamahata*
                                               K. Taylor Yamahata
                                               Jason N. Haycock

                                               *Attorneys for Plaintiff*
                                               *Corsair Gaming, Inc. d/b/a CORSAIR*