TYLER R. DOWDALL (State Bar No. 258950)
*tdowdall@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

*Attorneys for Defendant/*
*Counterclaim-Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING, INC., | Case No: 5:25-cv-00045-BLF |
| Plaintiff, | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | **JURY TRIAL DEMANDED** |
| CHOICE ELECTRONICS INC., | District Judge: Hon. Beth Labson Freeman |
| Defendant. | Magistrate Judge: Hon. Nathanael M. Cousins |
| CHOICE ELECTRONICS INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| CORSAIR GAMING, INC. and CORSAIR MEMORY INC., | |
| Counterclaim-Defendants. | |

Defendant CHOICE ELECTRONICS INC. ("Defendant" or "Choice Electronics"), hereby answers the Complaint (ECF No. 1, "Complaint") of Plaintiff CORSAIR GAMING, INC. ("Plaintiff" or "Corsair") as set forth below. In response to all paragraphs of the Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiff's averments as follows:

## NATURE OF THIS ACTION

1.     Defendant admits that the Complaint purports to seek injunctive relief and damages; however, Defendant denies that the action has any legal merit. Defendant denies the remaining allegations of paragraph "1" of the Complaint.

## JURISDICTION AND VENUE

2.     Defendant admits that the Court has subject matter jurisdiction over this action; however, Defendant denies that the action has any legal merit.

3.     Defendant denies the allegations in paragraph "3" of the Complaint.

4.     Defendant denies the allegations in paragraph "4" of the Complaint.

## PARTIES

5.     Defendant denies the allegations of paragraph "5" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

6.     Defendant admits that it is a New York corporation with an address at 478 Albany Ave, Suite #5, Brooklyn, NY 11203 and that its Amazon seller name is Choice Electronics(Serial Numbers Recorded) with Merchant ID A18UQSTHS8A7FY. Defendant admits that it has sold CORSAIR branded products through online marketplaces, including the Amazon.com marketplace. Defendant denies the remaining allegations of paragraph "6" of the Complaint.

## FACTS GIVING RISE TO THIS ACTION

7.     Defendant admits that the U.S. Patent and Trademark Office ("USPTO") has issued U.S. Registration No. 3,209,882 for "CORSAIR" for "High performance

computer components, namely memory modules; liquid cooling systems for computers, comprised of, water cooled heat sinks, pumps, radiators, reservoir fans and cooling blocks" according to the database maintained by the USPTO. Defendant denies the allegations of paragraph "7" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8.    Defendant denies the allegations of paragraph "8" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

9.    Defendant denies the allegations of paragraph "9" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

10.    Defendant denies the allegations of paragraph "10" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.    Defendant denies the allegations of paragraph "11" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

12.    Defendant denies the allegations of paragraph "12" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

13.    Defendant denies the allegations of paragraph "13" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

14.    Defendant denies the allegations of paragraph "14" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

15.     Defendant denies the allegations of paragraph "15" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

16.     Defendant denies the allegations of paragraph "16" of the Complaint.

17.     Defendant denies the allegations of paragraph "17" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

18.     Defendant denies that any party needs to be "authorized" by a brand in order to resell genuine goods. *See, e.g.*, *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent."). Defendant denies the remainder of the allegations in paragraph "18" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

19.     Defendant admits that it has sold CORSAIR branded products through online marketplaces, including the Amazon.com marketplace.

20.     Defendant denies that any party needs to be "authorized" by a brand in order to resell genuine goods. *See, e.g.*, *NEC Elecs.*, 810 F.2d at 1509. Defendant denies the remainder of the allegations in paragraph "20" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

21.     Defendant denies the allegations of paragraph "21" of the Complaint.

22.     Defendant denies the allegations of paragraph "22" of the Complaint.

23.     Defendant denies the allegations of paragraph "23" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

24.     Defendant denies the allegations of paragraph "24" of the Complaint.

25.     Defendant denies the allegations of paragraph "25" of the Complaint.

26.    Defendant denies the allegations of paragraph "26" of the Complaint.

27.    Defendant denies the allegations of paragraph "27" of the Complaint.

28.    Defendant denies the allegations of paragraph "28" of the Complaint.

29.    Defendant denies the allegations of paragraph "29" of the Complaint.

30.    Defendant denies the allegations of paragraph "30" of the Complaint.

31.    Defendant denies the allegations of paragraph "31" of the Complaint.

32.    Defendant denies the allegations of paragraph "32" of the Complaint.

33.    Defendant denies the allegations of paragraph "33" of the Complaint.

34.    Defendant denies the allegations of paragraph "34" of the Complaint.

35.    Defendant denies the allegations of paragraph "35" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

36.    Defendant denies the allegations of paragraph "36" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

37.    Defendant denies the allegations of paragraph "37" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

38.    Defendant denies the allegations of paragraph "38" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

39.    Defendant denies the allegations of paragraph "39" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

40.    Defendant denies the allegations of paragraph "40" of the Complaint.

41.    Defendant denies the allegations of paragraph "41" of the Complaint.

42.    Defendant denies the allegations of paragraph "42" of the Complaint.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

43.    Defendant denies the allegations of paragraph "43" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

44.    Defendant denies the allegations of paragraph "44" of the Complaint.

45.    Defendant denies the allegations of paragraph "45" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

46.    Defendant denies the allegations of paragraph "46" of the Complaint.

47.    Defendant denies the allegations of paragraph "47" of the Complaint.

48.    Defendant denies the allegations of paragraph "48" of the Complaint.

49.    Defendant denies the allegations of paragraph "49" of the Complaint.

50.    Defendant denies the allegations of paragraph "50" of the Complaint.

51.    Defendant denies the allegations of paragraph "51" of the Complaint.

52.    Defendant denies the allegations of paragraph "52" of the Complaint.

53.    Defendant denies the allegations of paragraph "53" of the Complaint.

54.    Defendant denies the allegations of paragraph "54" of the Complaint.

55.    Defendant denies the allegations of paragraph "55" of the Complaint.

56.    Defendant denies the allegations of paragraph "56" of the Complaint.

57.    Defendant denies the allegations of paragraph "57" of the Complaint.

58.    Defendant denies the allegations of paragraph "58" of the Complaint.

59.    Defendant denies the allegations of paragraph "59" of the Complaint.

## COUNT I

60.    Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "60" of the Complaint herein with the same force and effect as though set forth at length.

61.    Defendant admits that the Complaint purports to allege a claim for federal trademark infringement under 15 U.S.C. § 1114; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

62.     Defendant denies the allegations of paragraph "62" of the Complaint.

63.     Defendant denies the allegations of paragraph "63" of the Complaint.

64.     Defendant denies the allegations of paragraph "64" of the Complaint.

65.     Defendant denies the allegations of paragraph "65" of the Complaint.

66.     Defendant denies the allegations of paragraph "66" of the Complaint.

## COUNT II

67.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "67" of the Complaint herein with the same force and effect as though set forth at length.

68.     Defendant admits that the Complaint purports to allege a claim for false designation of origin under 15 U.S.C. § 1125(a); however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

69.     Defendant denies the allegations of paragraph "69" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

70.     Defendant denies the allegations of paragraph "70" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

71.     Defendant denies the allegations of paragraph "71" of the Complaint.

72.     Defendant denies the allegations of paragraph "72" of the Complaint.

73.     Defendant denies the allegations of paragraph "73" of the Complaint.

74.     Defendant denies the allegations of paragraph "74" of the Complaint.

75.     Defendant denies the allegations of paragraph "75" of the Complaint.

76.     Defendant denies the allegations of paragraph "76" of the Complaint.

77.     Defendant denies the allegations of paragraph "77" of the Complaint.

### COUNT III

78.    Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "78" of the Complaint herein with the same force and effect as though set forth at length.

79.    Defendant denies the allegations of paragraph "79" of the Complaint.

80.    Defendant denies the allegations of paragraph "80" of the Complaint.

81.    Defendant denies the allegations of paragraph "81" of the Complaint.

82.    Defendant denies the allegations of paragraph "82" of the Complaint.

83.    Defendant denies the allegations of paragraph "83" of the Complaint.

84.    Defendant denies the allegations of paragraph "84" of the Complaint.

85.    Defendant denies the allegations of paragraph "85" of the Complaint.

### COUNT IV

86.    Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "86" of the Complaint herein with the same force and effect as though set forth at length.

87.    Paragraph "87" states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph "87" of the Complaint.

88.    Defendant denies the allegations of paragraph "88" of the Complaint.

89.    Defendant denies the allegations of paragraph "89" of the Complaint.

90.    Defendant denies the allegations of paragraph "90" of the Complaint.

91.    Defendant denies the allegations of paragraph "91" of the Complaint.

92.    Defendant denies the allegations of paragraph "92" of the Complaint.

### PRAYER FOR RELIEF

To the extent that any response is required to any of the paragraphs contained in the Complaint following the word "WHEREFORE" (on pages 15–16 of the Complaint), Defendant denies that Plaintiff is entitled to any relief requested. To the extent that any statement in the prayer for relief is deemed factual, it is denied.

1

## AFFIRMATIVE DEFENSES

2      Defendant incorporates by reference the foregoing paragraphs in their entirety

3  and assert the following affirmative defenses to the claims set forth in the Complaint.

4  Defendant reserves the right to allege additional Affirmative Defenses as they become

5  known, and accordingly to amend this Answer.

6

## FIRST AFFIRMATIVE DEFENSE

7      The Complaint fails to state a claim upon which relief may be granted.   In

8  particular, the Complaint fails to provide any factual support for any of the claims

9  from which the Court could conclude that Defendant is liable for any claim.

10

## SECOND AFFIRMATIVE DEFENSE

11      The Complaint are barred, in whole or in part, by the doctrines of acquiescence,

12  waiver, estoppel, laches, and/or the applicable statute of limitations.

13

## THIRD AFFIRMATIVE DEFENSE

14      Plaintiff's claims against Defendant are barred by the exhaustion doctrine/first

15  sale doctrine. In particular, the CORSAIR brand products sold by Defendant are not

16  materially different than the CORSAIR products authorized for sale in the United

17  States by Plaintiff.

18

## FOURTH AFFIRMATIVE DEFENSE

19      Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean

20  hands. In particular, Plaintiff's claims are barred by its own unlawful conduct,

21  including its violations of the Magnuson-Moss Warranty Act and N.Y. GBL § 369-b.

22

## FIFTH AFFIRMATIVE DEFENSE

23      Plaintiff's claims against Defendant are barred, in whole or in part, by

24  trademark misuse.

25

## SIXTH AFFIRMATIVE DEFENSE

26      Plaintiff's claims against Defendant are barred by license. On information and

27  belief, Plaintiff has granted Amazon an irrevocable license to use the CORSAIR

28

9

trademark on ASINs at issue and to sub-license the CORSAIR trademark to third-party resellers, like Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of standing. For example, on information and belief, Corsair does not own any valid U.S. trademark registrations.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not subject to personal jurisdiction in this Court.

## RELIEF REQUESTED

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and specifically to the relief requested and Defendant request relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice in its entirety; and denial of any and all relief and prayers for damages to Plaintiff;

2. That judgment be entered in favor of Defendant and that Defendant be awarded costs to the extent provided by law, and attorney's fees; and

3. Any such further or other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable.


## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff CHOICE ELECTRONICS INC. ("Choice Electronics"), through its counsel, as and for its counterclaims against Plaintiff/Counterclaim-Defendant CORSAIR GAMING, INC. ("Corsair Gaming") and Counterclaim-Defendant CORSAIR MEMORY INC. ("Corsair Memory") (collectively, "Counterclaim-Defendants") alleges as follows:

## THE PARTIES

1. Choice Electronics is a New York corporation with a place of business located in Brooklyn, York 11203.

2.    On information and belief, Corsair Gaming is a Delaware corporation with its principal place of business located in Milpitas, California.

3.    On information and belief, Corsair Memory is a Delaware corporation with its principal place of business located in Milpitas, California.

4.    On information and belief, Corsair Memory is a subsidiary of Corsair Gaming.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over these counterclaims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

6.    This Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between Choice Electronics and Counterclaim-Defendants and the amount in controversy is greater than $75,000.

7.    This Court has personal jurisdiction over Counterclaim-Defendants because they have subjected themselves to the jurisdiction of this Court for purposes of these counterclaims.

8.    This Court also has personal jurisdiction over Counterclaim-Defendants because they reside in this District.

9.    With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

10.    Corsair Gaming asserts in Paragraph 5 of the Complaint that it "designs, manufactures, and sells a variety of high-performance computer and gaming products in the United States under the 'CORSAIR,' . . . brand name[]." ("Corsair Products").

11.    On information and belief, Corsair Gaming sells a substantial amount of Corsair Products in the state of New York. For example, Corsair Gaming's website

identifies at least one New York-based authorized reseller and Corsair Gaming recently reported in an SEC filing that Amazon accounts for 30% of its sales.

12.     Corsair Memory is the applicant and owner-of-record of U.S. Trademark Registration No. 3,209,882 for the mark CORSAIR (the "Corsair Registration").

13.     However, Corsair Gaming asserts in Paragraphs 11 and 12 of the Complaint that it is the "exclusive owner[]" of common law rights in the CORSAIR trademarks as well as the trademark covered by the Corsair Registration.

14.     On information and belief, Corsair Gaming does not license the Corsair Registration from Corsair Memory. For example, Corsair Gaming's 2024 Annual Report to the U.S. Securities and Exchange Commission similarly asserts that the CORSAIR trademarks are owned by Corsair Gaming and does not discuss any licensing from Corsair Memory.

15.     Choice Electronics is in the business of lawfully acquiring and re-selling various products for a profit.

16.     Choice Electronics resells products through an Amazon storefront.

17.     Since its formation, Choice Electronics has served thousands of customers.

18.     Choice Electronics and Corsair Gaming are competitors in the sale of computer and gaming products.

## ONLINE MARKETPLACES

19.     On information and belief, Amazon is the world's largest online retailer.

20.     According to published reports, "Amazon's market cap alone is bigger than the nine biggest U.S. retailers put together." Dorothy Neufeld, *Visualizing the Size of Amazon, the World's Most Valuable Retailer*, Visual Capitalist (July 2, 2020), https://www.visualcapitalist.com/amazon-worlds-most-valuable-retailer/.

21.     Amazon's online e-commerce platform allows third parties, like Choice Electronics, to sell products on its e-commerce platform.

22.    The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

23.    A significant portion of Choice Electronics' business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

24.    Once Choice Electronics acquires products from reputable sources, Choice Electronics resells the same products on Amazon at a profit.

25.    Choice Electronics has invested significant efforts into building a successful and reputable Amazon storefront.

26.    Since its inception, Choice Electronics' Amazon storefront has amassed thousands of reviews and holds a near perfect customer rating.

27.    Any harm that comes to the relationship between Choice Electronics and Amazon creates the potential for serious irreparable injury to Choice Electronics.

28.    Corsair Gaming's illegal actions, as detailed herein, have irreparably damaged, and threaten to destroy, Choice Electronics' successful business.

## CORSAIR GAMING VIOLATES AMAZON'S POLICIES AND ENGAGES IN PRICE MANIPULATION AND REVIEW MANIPULATION

29.    On information and belief, Corsair Gaming is a vendor to Amazon. In other words, Corsair Gaming supplies numerous Corsair Products to Amazon on a wholesale basis, which in turn are advertised and sold to Amazon customers.

30.    Amazon allows its vendors and third-party sellers to create or submit requests to create "variation" relationships between products sold on Amazon.com that are substantially the same. Such products may differ only in narrow, specific ways—such as color or quantity. According to Amazon, substantially different products should not share a variation relationship.

31.    Products that have a variation relationship share the same product detail page. Each product in the variation relationship will appear as an alternative choice on the product detail page and when a shopper selects a different product in the

variation relationship, the content of the product detail page, such as the pictured product, the product description, or the price, may change.

32.   The variation relationship enables buyers to compare and choose among product attributes (such as color, size, quantity, or flavor) from a single product detail page, thereby facilitating customer choice and ease of shopping. An example would be the same shirt that comes in multiple colors and different sizes. An Amazon.com page explaining variation relationships, gives the following example:



33.   The product detail page of products that are in a variation relationship displays the total number of ratings and reviews and the average star rating for all the products in the variation relationship. The product detail page of products that are in a variation relationship shows the ratings and reviews of all the products in the variation relationship.

34.   Recognizing the immense potential for consumer confusion and false advertising by sellers, Amazon has implemented a strict and detailed "variation policy," to which all sellers must abide.

35.   Specifically, in acknowledging that the misuse of variations/parent-child relationships "create a negative customer experience," Amazon specifically prohibits vendors from "[a]dding incorrect child variations that are not true variations of the

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Case No: 5:25-cv-00045-BLF

parent product." Such prohibited conduct includes, *inter alia*, (i) adding products that are fundamentally different from the parent ASIN; (ii) adding products images and/or names that are that are fundamentally different from the parent ASIN; and (iii) adding products that are newer versions or models of the parent ASIN.

36.   Corsair Gaming has ignored these policies and has created variation relationships involving unrelated Corsair Products, including the examples described below.

37.   For example, on information and belief, in December 2021, Corsair Gaming released its "CORSAIR XENEON 32QHD165 32-Inch IPS QHD (2560 x1440) FreeSync™ Premium Adaptive Sync (G Sync Compatible), 165Hz Refresh Rate, DisplayHDR400 Gaming Monitor" (the "2021 Monitor"), which was offered for sale on Amazon under ASIN B09L5BXHYD, the listing for which was created and designed by Corsair Gaming:



DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Case No: 5:25-cv-00045-BLF

38.    Subsequently, on May 18, 2023, Corsair Gaming released the "Corsair XENEON 27QHD240 27-Inch OLED Gaming Monitor - 2560 x 1440, 240Hz, 0.03ms, NVIDIA G-SYNC Compatible, AMD FreeSync™ Premium, DisplayHDR10, HDMI 2.1, DisplayPort 1.4, USB-C 3.1 – Black" (the "2023 Monitor").

39.    The 2023 Monitor is fundamentally different from the 2021 Monitor. For example, they offer different display technologies – the 2023 Monitor is an OLED display while the 2021 Monitor is an IPS monitor.

40.    However, rather than create a new ASIN for this new product listing on Amazon, Corsair Gaming devised a scheme to unlawfully and deceptively take advantage of the reviews and ratings already found on ASIN B09L5BXHYD.

41.    Specifically, Corsair Gaming sold the 2023 Monitor as a variation of ASIN B09L5BXHYD:



DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
Case No: 5:25-cv-00045-BLF

42.   By doing so, Corsair Gaming was able to deceive consumers into believing that the fundamentally different 2023 Monitor already had a high rating on Amazon.

43.   Between December 2021 and 2024, by improperly listing numerous fundamentally different monitors as variations of each other, the original B09L5BXHYD ASIN collected hundreds of reviews and amassed a rating of greater than 4 out of 5 stars.

44.   In 2024, Corsair Gaming released the "Corsair XENEON 34WQHD240-C 34-Inch QD-OLED Curved Gaming Monitor – 3440 x 1440, 240Hz, 0.03ms GtG, G-SYNC Compatible, FreeSync Premium, True Black HDR400, HDMI 2.1, DisplayPort 1.4, USB-C – White" (the "2024 Monitor").

45.   The 2024 Monitor is fundamentally different from the 2021 and 2023 Monitors. For example, while the 2021 and 2023 Monitors had flat surfaced screens, the 2024 Monitor had a curved screen, offering an entire different experience to consumers.

46.   Again, however, instead of creating a new listing, Corsair Gaming set out to further deceive consumers by creating another variation listing to take advantage of the reviews that had been accumulated on the B09L5BXHYD ASIN since 2021. The listing for the 2024 Monitor is shown below:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
Case No: 5:25-cv-00045-BLF



47.   Consumers viewing this advertisement are deceived because, in reality, only a small fraction of the ratings pertain to the newly launched 2024 Monitor.

48.   Specifically, by looking at the advertising/listing for the 2024 Monitor, consumers would be misled into believing that the product has garnered 318 ratings (with average of more than 4 out of 5 stars) and 149 written reviews, when in reality only a small fraction of the reviews and ratings (accumulated from a multitude of fundamentally different products) actually pertain to the 2024 Monitor.

49.   The United States Federal Trade Commission ("FTC") has deemed these same activities—including selling a new, unrelated product under a pre-existing listing so that it could cause the reviews from a prior product extend to the new, unrelated product—to constitute false advertisement and unfair or deceptive acts or practices. (See Exhibit 1).

50.   In February 2023, the FTC took action against a vitamin manufacturer that merged its new products on Amazon with different well-established products that had more ratings and reviews.

51.   The Commission noted that "[b]oosting your products by hijacking another product's ratings or reviews is a relatively new tactic, but is still plain old false advertising[.]" https://www.ftc.gov/news-events/news/press-releases/2023/02/ftc-charges-supplement-marketer-hijacking-ratings-reviews-amazoncom-using-them-deceive-consumers.

52.   The vitamin manufacturer was subsequently ordered to pay $600,000 to the FTC as monetary relief, the majority of which was returned to consumers earlier this year. https://www.ftc.gov/news-events/news/press-releases/2024/03/ftc-sends-more-527000-refunds-bountiful-consumers-deceived-review-hijacking-amazoncom.

53.   Here, Corsair Gaming is engaged in the same "plain old false advertising" that the FTC deems false advertising and a deceptive trade practice.

54.   Choice Electronics has been harmed by Corsair Gaming's review manipulation. For instance, Choice Electronics, lawfully and in accordance with Amazon's policies, honestly offers for sale gaming monitors that compete with those sold by Corsair Gaming. However, Corsair Gaming's unlawful practices deceives consumers by driving consumers away from its competitors (like Choice Electronics).

## CORSAIR GAMING VIOLATES FEDERAL AND STATE WARRANTY LAWS

55.   Corsair Gaming asserts in Paragraph 15 of the Complaint that, when consumers purchase Corsair Products from Corsair Gaming or its authorized resellers, those Products are covered by a warranty provided by Corsair Gaming (the "Corsair Warranty").

56.   Corsair Gaming asserts in Paragraph 16 of the Complaint that when a consumer purchases Corsair Products from an entity other than Corsair Gaming or

one of its authorized resellers, the Corsair Warranty "will not be available" (the "Warranty Disclaimer Policy").

57.    Corsair Gaming asserts in Paragraph 16 of the Complaint that it publishes its Warranty Disclaimer Policy on its website.

58.    On information and belief, the prices for Corsair Products offered by Choice Electronics and other so-called "unauthorized resellers" of genuine Corsair Products are often less than the prices charged for those very same products by Corsair Gaming and its authorized resellers.

59.    Pursuant to 15 U.S.C. § 2302, "any warrantor warranting a consumer product to a consumer by means of a written warranty shall, to the extent required by rules of the Commission, fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty" "prior to the sale of the product to him."

60.    Pursuant to 16 CFR § 702.3(c), "[a]ny seller who offers for sale to consumers consumer products with written warranties by means of" "any offer for sale . . . which includes instructions for ordering the product which do not require a personal visit to the seller's establishment," (e.g., via an internet webpage) "shall clearly and conspicuously disclose in such . . . solicitation in close conjunction to the description of the warranted product" "either: (i) The full text of the written warranty; or (ii) The address of the Internet Web site of the warrantor where such warranty terms can be reviewed (if such Internet Web site exists), as well as that the written warranty can be obtained free upon specific request, and the address or phone number where such warranty can be requested."

61.    Pursuant to 16 CFR § 701.3(a), the warranty terms must disclose, *inter alia*¸ the name(s) of the warrantor(s), together with: The mailing address(es) of the warrantor(s), and/or the name or title and the address of any employee or department of the warrantor responsible for the performance of warranty obligations, and/or a

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

telephone number which consumers may use without charge to obtain information on warranty performance."

62.    On information and belief, Corsair Gaming does not comply with 16 CFR § 702.3(c). For example, Corsair Gaming identifies Amazon.com as an authorized reseller, but offers for sale of Corsair Products on the Amazon.com marketplace do not include the terms of the Corsair Warranty nor the address of the Internet Web site of Corsair Gaming.

63.    On information and belief, Corsair Gaming does not comply with 16 CFR § 701.3(a). For example, Corsair Gaming asserts in Paragraph 16 of the Complaint that the terms of the Corsair Warranty are located at https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty but that webpage does not include, *inter alia*, the name nor mailing address nor telephone number of the warrantor.

64.    By failing to comply with the federal requirements for consumer product warranties, Corsair Gaming does not offer any valid written warranty for Corsair Products.

65.    By publishing its invalid Corsair Warranty on its website, Corsair Gaming deceived consumers regarding the legitimacy and lawfulness of that warranty.

66.    Pursuant to N.Y. G.B.L. § 369-b, "[a] warranty or guarantee of merchandise may not be limited by a manufacturer doing business in this state solely for the reason that such merchandise is sold by a particular dealer or dealers, or that the dealer who sold the merchandise at retail has, since the date of sale, either gone out of business or no longer sells such merchandise. Any attempt to limit the manufacturer's warranty or guarantee for the aforesaid reason is void."

67.    By disclaiming the Corsair Warranty when consumers purchase Corsair Products from sellers other than Corsair Gaming and its authorized resellers under its Warranty Disclaimer Policy, Corsair Gaming violates N.Y. G.B.L. § 369-b.

68.   Corsair's disclaimer of the Corsair Warranty when consumers purchase Corsair Products from sellers other than Corsair Gaming and its authorized resellers is willful.

69.   Corsair's Warranty Disclaimer Policy is void and unenforceable pursuant to N.Y. G.B.L. § 369-b.

70.   By publishing its unenforceable Warranty Disclaimer Policy on its website, Corsair Gaming deceived consumers regarding the legitimacy and lawfulness of that policy.

71.   Corsair's Warranty Disclaimer Policy is a deceptive trade practice.

72.   Corsair's Warranty Disclaimer Policy has injured consumers by penalizing them when they purchase genuine Corsair Products from sellers other than Corsair and its authorized resellers.

73.   On information and belief, Corsair's Warranty Disclaimer Policy has injured consumers by steering them towards sellers who charge higher prices for Corsair Products.

74.   Choice Electronics has been injured by Corsair's Warranty Disclaimer Policy as that illegal Policy has discouraged and dissuaded consumers from purchasing genuine Corsair Products from it.

## **COUNTERCLAIM I**

### **(Declaratory Judgment of Non-Infringement of the Corsair Trademarks)**

### **(As to All Counterclaim-Defendants)**

75.   Choice Electronics incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–74 above.

76.   Corsair Gaming has asserted claims against Choice Electronics for purported infringement of its purported trademark rights, including the Corsair Registration.

77.   The owner-of-record of the Corsair Registration is Corsair Memory.

78.    Choice Electronics contends that it has never infringed on any of Corsair Gaming's purported trademarks, and in particular, its purchase and resale of Corsair Products were at all times lawful.

79.    Choice Electronics seeks to sell Corsair Products on Amazon and elsewhere on the Internet.

80.    As a result of Corsair Gaming's assertion of claims against Choice Electronics for infringement of Corsair Gaming's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

## COUNTERCLAIM II

### (Cancellation of the Corsair Registration)

### (As to Corsair Memory)

81.    Choice Electronics incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–74 above.

82.    A registration is subject to cancellation "[a]t any time if the registered mark . . . has been abandoned . . . ." 15 U.S.C. § 1064(3).

83.    Pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen its use has been discontinued with intent not to resume such use" and/or "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark."

84.    One way in which a trademark owner can abandon its mark is by engaging in uncontrolled or "naked" licensing—that is, by licensing the mark to third parties without controlling the quality of those parties' goods or services bearing the licensed mark.

85.    On information and belief, Corsair Memory engaged in naked licensing of the CORSAIR trademarks by failing to object to Corsair Gaming's use the marks

and failing to exercise adequate control over a substantial percentage of Corsair Gaming's goods bearing the CORSAIR trademarks.

86.   In addition, or in the alternative, the CORSAIR trademarks have lost their significance as an indication of source of the Corsair Products.

87.   For example, Corsair Gaming asserts in Paragraphs 11 and 12 of the Complaint that it is the "exclusive owner[]" of common law rights in the CORSAIR trademarks as well as the trademark covered by the Corsair Registration.  Further Corsair Gaming asserts in Paragraph 13 of the Complaint that its use of the CORSAIR trademarks inures to the benefit of Corsair Gaming, nor Corsair Memory.

88.   Accordingly, Corsair Memory fails to actually control the quality of products on which the CORSAIR trademarks are used.

89.   Corsair Memory's naked licensing and/or uncontrolled acquiescence of Corsair Gaming's use of the CORSAIR trademarks has caused the marks to lose trademark significance, and as a consequence, the public no longer associates these marks with a single source of goods or services. Corsair Memory thus has abandoned the CORSAIR trademarks (including the trademark underlying the Corsair Registration) through its course of conduct.

90.   This abandonment warrants the cancellation of the Corsair Registration pursuant to 15 U.S.C. §§ 1064(3) and 1119.

## COUNTERCLAIM III

### (False Advertisement Pursuant to 15 U.S.C. § 1125)

### (As to Corsair Gaming)

91.   Choice Electronics incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–74 above.

92.   This is a claim for false advertising under 15 U.S.C. § 1125(a).

93.   Choice Electronics and Corsair Gaming compete in the computer and gaming products industry. Choice Electronics has a commercial interest in its commercial and business reputation.

94.   Choice Electronics has established a business reputation as a popular and trusted seller of computer and gaming products on Amazon's online marketplace.

95.   In connection with its advertising and promotion of Corsair Products, Corsair Gaming has made false or misleading descriptions of fact, or misrepresentations of fact, concerning the nature, characteristics, and qualities of Corsair Products.

96.   Corsair Gaming knowingly manipulates Amazon listings in order to show inflated and unwarranted reviews for its products by misleadingly listing new products as "variations" of pre-existing products, instead of creating new listings for new products.

97.   As a result, consumers are deceived and confused into believing that Corsair Products have amassed significant amounts of positive reviews and high ratings, when, in fact, such reviews and ratings merely relate to a prior product.

98.   In numerous instances in connection with the advertising, promotion, offering for sale, or sale of its products sold on Amazon, Corsair Gaming represented, directly or indirectly, expressly or by implication that: (a) the apparent reviewers of certain of its products sold on Amazon had used and endorsed the product; (b) certain of its products sold on Amazon.com had received the numbers of customer ratings appearing on their Amazon product pages; and (c) certain of its products sold on Amazon.com had obtained the average star ratings displayed on their Amazon.com product pages.

99.   In fact, in numerous instances in which Corsair Gaming made the representations set forth in the prior Paragraph, Corsair Gaming improperly created variations for newer or weaker selling products sold on Amazon with different or longer or better selling products sold on Amazon, and therefore: (a) the apparent reviewers of certain of its products sold on Amazon were not actual users or endorsers of the products, but instead had used and endorsed a different product; (b) certain of its products sold on Amazon received significantly fewer customer ratings than

appeared to be the case from their Amazon.com product pages; and (c) certain of its products sold on Amazon obtained significantly lower average star ratings than appeared to be the case from their Amazon product pages.

100.  Choice Electronics has invested significant resources into building a successful and reputable Amazon storefront, and is being substantially harmed by Corsair Gaming's unfair business practices and false advertising to consumers.

101.  Corsair Gaming's actions are likely to, or already have and will continue to, detrimentally impact Choice Electronics' commercial and business reputation, as well as Choice Electronics' sales of Corsair Products on Amazon.

102.  Choice Electronics' injuries fall within the zone of interest protected by the Lanham Act because Corsair Gaming's false advertising has caused Choice Electronics to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

103.  Corsair Gaming's wrongful acts as alleged in these Counterclaims constitute false or misleading representation of fact under 15 U.S.C. § 1125(a).

104.  The economic and reputational injuries suffered by Choice Electronics were directly caused by Corsair Gaming's false and misleading representations.

105.  As a direct and proximate result of Corsair Gaming's actions, constituting false or misleading representation of fact, Choice Electronics has been damaged (both in the form of lost sales and indirect in the form of loss of goodwill/reputation) and is entitled to monetary relief in an amount to be determined at trial.

106.  The aforesaid conduct of Corsair Gaming is causing irreparable injury to Choice Electronics and will continue to both damage Choice Electronics and deceive the public unless enjoined by this Court. Choice Electronics has no adequate remedy at law.

## COUNTERCLAIM IV

### (Violation of California Business and Professions Code §§ 17200 et seq.)

### (As to Corsair Gaming)

107. Choice Electronics incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–74 above.

108. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

109. Corsair Gaming's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

110. Corsair Gaming's misconduct has a tendency and likelihood to deceive members of the public.

111. The foregoing acts and practices have caused substantial harm to Choice Electronics.

112. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Corsair Gaming, Choice Electronics has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

113. The aforesaid conduct by Corsair Gaming has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Choice Electronics' property and business. Choice Electronics has no adequate remedy at law.

## COUNTERCLAIM V

### (Deceptive Trade Practices Under N.Y. General Business Law § 349)

### (As to Corsair Gaming)

114. Choice Electronics incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–74 above.

115. N.Y. General Business Law § 349 prohibits any deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

116. Corsair Gaming's acts, omissions, misrepresentations, and/or practices constitute deceptive acts or practices within the meaning of N.Y. General Business Law § 349.

117. Corsair Gaming's misconduct has a tendency and likelihood to deceive members of the public.

118. The foregoing acts and practices have caused substantial harm to Choice Electronics.

119. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Corsair Gaming, Choice Electronics has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

120. As a direct and proximate result of Corsair's willful violation of N.Y. GBL § 349, Choice Electronics has suffered damages in an amount to be proven at trial.

121. Choice Electronics is entitled to its attorney's fees based on Corsair's violation of N.Y. GBL § 349.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Choice Electronics prays for judgment as follows:

A.    An order declaring that Choice Electronics has not infringed any valid and enforceable intellectual property rights owned by Counterclaim-Defendants, including the Corsair Registration;

B.    An order directing the Director of the USPTO to cancel the Corsair Registration;

C.    Preliminary and permanent injunctive relief restraining Corsair Gaming, its agents, servants, employees, successors and assigns, and all others in concert and privity with Corsair Gaming, from engaging in further review manipulation and

engaging in other acts of false advertising, unlawful, unfair, and fraudulent acts, and deceptive business practices.

      D.    An award of all damages that Choice Electronics has suffered as a result of Corsair Gaming's false advertising;

      E.    Restitution and civil penalties for Corsair Gaming's violations of California Business and Professions Code §§ 17200 et seq.

      F.    An award of all damages that Choice Electronics has suffered as a result of Corsair Gaming's deceptive trade practices under NY GBL § 349;

      G.    An award of all costs and fees incurred in this Action; and

      H.    Such other and further relief as the Court shall find just and proper.

## **DEMAND FOR JURY TRIAL**

Choice Electronics hereby requests trial by jury on all issues so triable, including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

                             Respectfully submitted,

Dated: January 28, 2025          TARTER KRINSKY & DROGIN LLP

                         By:  */s/ Tyler R. Dowdall*
                              Tyler R. Dowdall (Bar No. 258950)
                              *tdowdall@tarterkrinsky.com*
                              2029 Century Park East, Suite 400N
                              Los Angeles, CA 90067
                              Telephone: (424) 330-8580
                              Facsimile: (315) 512-1465

                              ***Attorneys for Defendant/Counterclaim-Plaintiff***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: January 28, 2025

By:  */s/ Tyler R. Dowdall*
Tyler R. Dowdall

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Case No: 5:25-cv-00045-BLF