Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

*Attorneys for Plaintiff/Counterclaim-Defendants*
CORSAIR GAMING, INC. and CORSAIR MEMORY INC.

Tyler R. Dowdall (SBN 258950)
tdowdall@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: +1 424.330.8580
Facsimile: +1 315.512.1465

*Attorneys for Defendant and Counterclaim-Plaintiff*
CHOICE ELECTRONICS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING, INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br>CHOICE ELECTRONICS INC.,<br><br>　　　　　Defendant.<br>―――――――――――――――<br>CHOICE ELECTRONICS INC.,<br><br>　　　　　Counterclaim-Plaintiff,<br>　　v.<br>CORSAIR GAMING, INC. and CORSAIR MEMORY INC.,<br><br>　　　　　Counterclaim-Defendant. | Case No. 5:25-cv-00045-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>District Judge: Hon. Beth Labson Freeman<br><br>Magistrate Judge: Hon. Nathanel M. Cousins |

Pursuant to the Court's Electronic Order dated January 23, 2025 (ECF No. 9), Judge Freeman's Standing Orders, the Standing Order for All Judges of the other District of California and L.R.16-9, Plaintiff/Counterclaim-Defendant Corsair Gaming Inc., Counterclaim-Defendant Corsair Memory Inc., (together "CORSAIR" or "Plaintiff") and Defendant/Counterclaim-Plaintiff Choice Electronics Inc., ("Choice Electronics" or "Defendant") submit this Case Management Statement as follows:

1. **Jurisdiction & Service**

CORSAIR alleges that this Court has jurisdiction over the subject matter of its claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Choice Electronics alleges that this Court has subject matter jurisdiction over its counterclaims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367. Choice Electronics agrees that the Court has jurisdiction over this action; CORSAIR disagrees that this Court has jurisdiction over the subject matter of the counterclaims and anticipates raising that issue in response to the counterclaims.

No issues exist regarding personal jurisdiction or venue, and all parties have been served.

2. **Facts**

CORSAIR's Position:

CORSAIR alleges that Defendant is offering for sale "new" CORSAIR Products, despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin. CORSAIR has never authorized Defendant to sell CORSAIR Products and Defendant's wrongful and infringing promotion and sale of CORSAIR Products through online commerce sites amounts to trademark infringement, false advertising, false designation or origin and unfair competition arising under the Lanham Act and Business and Professions Cose §§ 17200 *et seq*.

Defendant advertises and sells CORSAIR branded products on Amazon.com under the seller name "Choice Electronics (Serial Numbers Recorded)." Specifically, Defendant advertises "new" CORSAIR Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin. Customers of Defendant have complained of this conduct, specifically alleging that "seller

sent damaged item," Defendant "sent [] a defective unit," "item received didn't work," "[r]eceived used item with expired warranty," and "product was returned at least twice and then sold again as new to me as a new product." Compl. ¶¶ 35-39. Moreover, Defendant is manipulating the Amazon.com online review system and falsely advertising positive online review scores in order to deceive customers and improperly compete with CORSAIR for sales. *Id.* ¶ 42-51.

Defendant disputes these allegations.

Choice Electronics' Position:

This case relates to the sale of computer and gaming products over the internet and, in particular, on Amazon.com ("Amazon"). Plaintiff manufactures and sells these products under the CORSAIR brand ("CORSAIR Products"). Among a variety of other items, Choice Electronics purchases genuine CORSAIR Products on the open market and resells them through an Amazon storefront. Seeking to eliminate competition on Amazon and maintain pricing for its products, Plaintiff filed the present suit—as well suits against 15 other resellers in the last eight months—alleging various Lanham Act and state law claims. But it is well-established that, under the "first sale doctrine," the resale of genuine trademarked goods—like here—does not constitute trademark infringement, even if made without the trademark owner's consent. *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent."). Plaintiff's false advertising claims likewise fail. CORSAIR's arguments that Choice Electronics somehow suppresses or manipulates reviews is belied by the Complaint itself. Specifically, by including quotes of purported generic "poor reviews" demonstrates that all reviews—positive and negative—are readily viewable by consumers for their consideration.

Choice Electronics also asserts counterclaims in this action seeking a declaratory judgment of non-infringement (Counterclaim I), cancellation of U.S. Trademark Registration No. 3,209,882 for the mark CORSAIR (the "Corsair Registration") (Counterclaim II) as well as monetary and injunctive relief for Plaintiff's false advertising (Counterclaim III), violations of California Business and Professions Code §§ 17200 et seq (Counterclaim IV), and Deceptive Trade Practices Under N.Y. General Business Law ("GBL") § 349 (Counterclaim V). Choice Electronics' cancellation

Counterclaim stems from the fact that Corsair Gaming, Inc.—the plaintiff in this action—does not own the trademark registration being asserted, and the owner of that registration—Corsair Memory Inc.— fails to actually control the quality of products on which the CORSAIR trademarks are used. CORSAIR also unfairly manipulates Amazon listings by using old listings for unrelated new products in order to show inflated and unwarranted reviews for the new products, thereby misleading consumers. Further, CORSAIR asserts that CORSAIR-branded product are covered by a warranty, but only when purchased from CORSAIR or an "authorized" reseller. But CORSAIR fails to comply with the federal requirements for consumer product warranties, and violates N.Y. G.B.L. § 369-b by attempting to limit the warranty to "authorized" resellers, thereby deceiving consumers regarding the legitimacy and lawfulness of that warranty and its purported limitation.

**3. Legal Issues**

CORSAIR's Position:

This is an action for trademark infringement, false advertising, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and Business and Professions Code §§ 17200 *et seq.* from Defendant's wrongful and infringing promotion and sale of CORSAIR's products through online commerce sites, including but not limited to, Amazon.com.

CORSAIR contends that Choice Electronics' counterclaims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6).

Choice Electronics' Position:

CORSAIR has no viable claim; under the well-established "first sale doctrine," the resale of genuine trademarked goods—like Choice Electronics' lawful resale of CORSAIR-branded products—does not constitute trademark infringement, even if made without the trademark owner's consent. *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("Trademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent.").

CORSAIR's selling of new, unrelated products under pre-existing Amazon listings so that it could cause the reviews from a prior product extend to the new, unrelated product constitute false advertisement and unfair or deceptive acts or practices. So do CORSAIR's misrepresentations

concerning its purported "warranty," which is invalid and violates state and federal laws, including but not limited to 15 U.S.C. § 2302 and N.Y. G.B.L. § 369-b.

**4. Motions**

There are no pending motions at this time. CORSAIR and CORSAIR Memory anticipate filing a Motion to Dismiss the Counterclaims on or before March 14, 2025. The parties each anticipate filing motions for summary judgments by the deadline for dispositive motions.

**5. Amendment of Pleadings**

CORSAIR does not anticipate any amended complaints at this time but reserves the right to amend pursuant to Rule 15(a)(2), should additional evidence be discovered during the course of discovery. CORSAIR proposes that the deadline to amend be 30 days after the close of fact discovery.

Choice Electronics does not anticipate amending its Counterclaims at this time but reserves the right to amend pursuant to Rule 15(a) (e.g., should additional evidence be discovered during the course of discovery). Choice Electronics proposes that the deadline to amend be May 19, 2025.

**6. Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have begun to meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties each believe that they are complying in good faith with their obligations to preserve potentially relevant documents and evidence, including electronically stored information ("ESI"). The parties will continue to meet and confer in an effort to reach an agreement further delineating the procedures to be used in producing ESI. CORSAIR believes that more specific discussions, about the scope of document preservation activity, including electronic discovery, record management, and any related instructions or correspondence with potential or actual custodians, may be needed but should be deferred until the Court has ruled on CORSAIR's motion to dismiss counterclaims, once filed. Choice Electronics' position is that all discovery should proceed on the same track (i.e., either all discovery should be stayed pending "CORSAIR's motion to dismiss counterclaims" or all discovery should proceed).

**7. Disclosures**

The Parties had their Rule 26(f) conference on March 13, 2025. Pursuant to the Federal Rules of Civil Procedure, the parties have agreed to make Rule 26 Initial Disclosures on or before March 26, 2025.

**8. Discovery**

No discovery has been taken to date. Except with respect to the number of depositions discussed below, the parties do not believe that limitations or modifications of the discovery rules are necessary.

CORSAIR presently believes that the subjects on which discovery may be needed include the following:

- Defendant's electronically stored information, which likely includes its advertisements on Amazon.com and elsewhere, communications regarding CORSAIR Products, sales data, consumer complaints and related communications concerning Defendant's sale of products, product sourcing information, online posting information, and other relevant information.
- Defendant's hardcopy files, which likely include its advertisements, communications, packaging, consumer complaints concerning its sales, sales information, product sourcing information and other relevant information.
- CORSAIR also believes discovery from Choice Electronics as to the following is required:
  - marketing, advertising, distribution and sale of products on Amazon and other online marketplaces
  - source of the CORSAIR products it sells
  - sales and profits from the sale of CORSAIR-branded products

Choice Electronics presently believes that the subjects on which discovery may be needed include the following:

- CORSAIR's marketing, advertising, distribution and sale of CORSAIR-branded products on Amazon and other online marketplaces.
- CORSAIR's basis for its allegation that Choice Electronics offers for sale "used, closed-out, liquidated, counterfeit, and/or non-genuine" CORSAIR-branded products.

- CORSAIR's history of enforcement of Plaintiff's trademarks and related tactics.
- CORSAIR's distribution network and related agreements.
- CORSAIR's sales and profits from the sale of CORSAIR-branded products.
- CORSAIR's creation and maintenance of ASINs for CORSAIR-branded products on the Amazon.com marketplace.
- CORSAIR's warranty practices concerning CORSAIR-branded products.

The parties agree that there will be a need for a protective order.

CORSAIR believes that there is a need for an ESI protocol and proposes submitting a protocol for the Court's consideration on or before April 25, 2025. The parties intend to enter a stipulation for protective order with two levels of confidentiality. The parties intend to use the Northern District of California's model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets and will submit their proposed order to the Court on or before April 25, 2025.

The parties agree that they are each limited to 6 non-expert deposition unless good cause exists for additional depositions.

**9. Class Actions**

Not applicable.

**10. Related Cases**

CORSAIR contends that no case has been marked related to the present action.

Choice Electronics notes that there are approximately six other cases involving similar claims (i.e., trademark infringement claims concerning the resale of CORSAIR-branded goods) brought by CORSAIR against other defendants pending in this Court:

- *Corsair Gaming, Inc. v. Sambi LLC*, No. 4:24-cv-08309-JSW (filed Nov. 21, 2024)
- *Corsair Gaming, Inc. v. Pla*, No. 3:24-cv-09251-WHO (filed Dec. 19, 2024)
- *Corsair Gaming, Inc. v. Forestdeals LLC*, No. 4:25-cv-01376-YGR (filed Feb. 10, 2025)
- *Corsair Gaming, Inc. v. Giftcash Inc.*, No. 3:25-cv-02390-PHK (filed Mar. 7, 2025)
- *Corsair Gaming, Inc. v. ReallyTech Corp.*, No. 4:25-cv-02419-KAW (filed Mar. 10, 2025)
- *Corsair Gaming, Inc. v. Jazzer Shack LLC*, No. 5:25-cv-02443-NC (filed Mar. 11, 2025)

**11. Relief**

CORSAIR seeks the following relief:

A. Finding that, (i) as to Count I, Defendant's unauthorized sale of CORSAIR Products infringes on CORSAIR's registered trademark, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendant's unauthorized sale of CORSAIR Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Defendant's false advertisement of CORSAIR Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); and (iv) as to Count IV, Defendant's actions constitute a violation of California law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

   i. Using or attempting to use, any of CORSAIR's intellectual property, including, but not limited to, the CORSAIR Marks;

   ii. Advertising, selling, or taking any steps to sell, any products bearing the CORSAIR Marks in an improper manner;

   iii. Engaging in any activity constituting unfair competition with CORSAIR; and

   iv. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Award CORSAIR its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq;*

C. Award CORSAIR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq*;

D. Award CORSAIR statutory damages of $2,000,000.00 per mark pursuant to 15 U.S.C. § 1117(c);

E. Award CORSAIR exemplary and punitive damages in an appropriate amount;

F. Enter judgment that Defendant's acts of infringement have been knowing and willful;

G. Award CORSAIR its reasonable attorneys' fees in bringing this action as allowed by law;

H. Award CORSAIR pre-judgment and post-judgment interest in the maximum amount allowed under the law;

I. Award CORSAIR the costs incurred in bringing this action; and

J. Award CORSAIR such other relief as this Court deems just and proper

Choice Electronics seeks the following relief:

A. An order declaring that Choice Electronics has not infringed any valid and enforceable intellectual property rights owned by Counterclaim-Defendants, including the Corsair Registration;

B. An order directing the Director of the USPTO to cancel the Corsair Registration;

C. Preliminary and permanent injunctive relief restraining Corsair Gaming, its agents, servants, employees, successors and assigns, and all others in concert and privity with Corsair Gaming, from engaging in further review manipulation and engaging in other acts of false advertising, unlawful, unfair, and fraudulent acts, and deceptive business practices;

D. An award of all damages that Choice Electronics has suffered as a result of Corsair Gaming's false advertising;

E. Restitution and civil penalties for Corsair Gaming's violations of California Business and Professions Code §§ 17200 et seq.

F. An award of all damages that Choice Electronics has suffered as a result of Corsair Gaming's deceptive trade practices under NY GBL § 349;;

G. An award of all costs and fees incurred in this Action; and

H. Such other and further relief as the Court shall find just and proper.

## 12. Settlement and ADR

The parties agree that the case would benefit from an early settlement conference with a Magistrate Judge.

**13. Other References**

The parties do not believe there is a need for a special master and do not believe referral of this action to binding arbitration is indicated or appropriate.

**14. Narrowing of Issues**

The parties are not currently aware of any agreements that could narrow the issues.

**15. Scheduling**

CORSAIR proposes the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial keeping in mind that its motion to dismiss will not be heard until the end of May and due to the fact that discovery from third-parties fact witnesses will be required in this case:

Choice Electronics proposes the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial, noting that an approximately four-month fact discovery period should be sufficient for the needs of this case and better achieve "the just, speedy, and inexpensive determination of [this] action" than CORSAIR's proposed extended schedule. To the extent that CORSAIR cites "its motion to dismiss" as a reason to extend the schedule, Choice Electronics is amenable to staying all discovery until resolution of that motion:

|  | CORSAIR's Proposed Dates | Choice Electronics' Proposed Dates |
|---|---|---|
| Discovery-related Motions | September 5, 2025 | July 23, 2025 |
| Fact Discovery Cutoff | October 17, 2025 | July 23, 2025 |
| Expert Disclosures – Affirmative | December 19, 2025 | August 20, 2025 |
| Expert Disclosures – Rebuttal | January 30, 2026 | September 17, 2025 |
| Expert Discovery Cutoff | February 27, 2026 | October 24, 2025 |
| Deadline to file MSJ & *Daubert* | April 3, 2026 | December 8, 2025 |
| Final Pretrial Conference | Court's Discretion ||
| Jury Trial | 90 days after Final Pretrial Conference ||

**16. Trial**

The parties request a trial by jury of all issues so triable and believe that the estimated length

of trial should last four days.

**17. Disclosure of Non-party Interested Entities of Persons**

CORSAIR and Choice Electronics have filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-15 (ECF Nos. 12 & 15), and restate their respective certifications as follows:

> CORSAIR: No conflict or interest (other than the named parties) to report. CORSAIR is a publicly traded company on the NASDAQ stock exchange. No other publicly held entity owns 10 percent or more of the stock of CORSAIR.

Choice Electronics: No conflict or interest (other than the named parties)

**18. Professional Conduct**

All counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

CORSAIR is currently unaware of other matters that may facilitate the just, speedy, and inexpensive resolution of this action.

Dated: March 13, 2025                         K&L GATES LLP

                                              By: */s/ K. Taylor Yamahata*
                                              Jason N. Haycock
                                              K. Taylor Yamahata

                                              *Attorneys for Plaintiff and Counterclaim Defendants Corsair Gaming, Inc. and Corsair Memory Inc.*

Dated: March 13, 2025

                                              TARTER KRINSKY & DROGIN LLP

                                              By: */s/ Tyler R. Dowdall*
                                              Tyler R. Dowdall

                                              *Attorneys for Defendant and Counterclaim-Plaintiff Choice Electronics. Inc.*