1  TYLER R. DOWDALL (State Bar No. 258950)
   *tdowdall@tarterkrinsky.com*
2  **TARTER KRINSKY & DROGIN LLP**
3  2029 Century Park East, Suite 400N
   Los Angeles, CA 90067
4  Telephone: (424) 330-8580
   Facsimile: (315) 512-1465
5
6  MICHAEL BENZAKI (admitted *pro hac vice*)
   *mbenzaki@tarterkrinsky.com*
7  **TARTER KRINSKY & DROGIN LLP**
   1350 Broadway
8  New York, New York 10018
   Telephone: (212) 574-0377
9  Facsimile: (212) 216-8001

10 *Attorneys for Defendant/*
11 *Counterclaim-Plaintiff*

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14 CORSAIR GAMING, INC.,                    Case No: 5:25-cv-00045-BLF

15                                          **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN OPPOSITION TO**
16        Plaintiff,                        **MOTION TO DISMISS CHOICE**
                                            **ELECTRONICS INC.'S AMENDED**
17        v.                                **COUNTERCLAIMS**

18 CHOICE ELECTRONICS INC.,                 Date:  July 17, 2025
                                            Time:  9:00 a.m.
19                                          Location: San Jose Courthouse,
                                            Courtroom 1 – 5th Floor
20        Defendant                         280 South 1st Street, San Jose, CA 95113

21 ─────────────────────────────
                                            District Judge: Hon. Beth Labson Freeman
22 CHOICE ELECTRONICS INC.,                 Magistrate Judge: Hon. Nathanael M.
                                            Cousins
23        Counterclaim-Plaintiff,

24        v.

25 CORSAIR GAMING, INC. and CORSAIR
   MEMORY INC.,
26
          Counterclaim-Defendants.
27

28                                                                              .

─────────────────────────────────────────────

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1

## <u>TABLE OF CONTENTS</u>

I.      STATEMENT OF THE ISSUES TO BE DECIDED.......................................................1

II.     INTRODUCTION ............................................................................................................1

III.    RELEVANT FACTS ......................................................................................................3

IV.     LEGAL STANDARD......................................................................................................4

V.      ARGUMENT ..................................................................................................................5

    A.  Choice Electronics Declaratory Judgment Claim (Counterclaim I) Is Not a
        "Mirror Image" of Corsair Gaming's Trademark Infringement Claim ......................5

    B.  Choice Electronics Properly Alleges That the Corsair Registration Should Be
        Cancelled (Counterclaim II) Because It Was Abandoned by Corsair Memory...........6

    C.  Choice Electronics Has Standing To Assert The False Advertising Claim
        (Counterclaim III) That Has Been Sufficiently Alleged In The Counterclaims ..........9

        1.  Choice Electronics Has Standing to Assert a Claim for False Advertising..........9

        2.  Choice Electronics Has Sufficiently Alleged Facts to Support Its False
            Advertising Claim.................................................................................................12

    D.  Choice Electronics Properly Alleges Counterclaims Under California's Unfair
        Competition Law ("UCL") And New York's General Business Law ("GBL")........13

VI.     CONCLUSION...............................................................................................................16

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED
COUNTERCLAIMS

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allbirds, Inc. v. Giesswein Walkwaren AG*,
    No. 19-CV-05638-BLF, 2020 WL 6826487 (N.D. Cal. June 4, 2020) ...................... 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................... 5

*Bel Canto Design, Ltd. v. MSS Hifi, Inc.*,
    837 F. Supp. 2d 208 (S.D.N.Y. 2011) ............................................... 16, 17

*Bel Canto Design, Ltd. v. MSS HiFi, Inc.*,
    No. 11 CIV. 6353 CM, 2012 WL 2376466 (S.D.N.Y. June 20, 2012) ...................... 17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................... 5

*Castaline v. Aaron Mueller Arts*,
    No. C 09-02543 CRB, 2010 WL 583944 (N.D. Cal. Feb. 16, 2010) ........................... 6

*Cisco Sys., Inc. v. Beccela's Etc., LLC*,
    403 F. Supp. 3d 813 (N.D. Cal. 2019) ........................................................ 17

*Conley v. Gibson*,
    355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ......................................... 5

*Creagri, Inc. v. USANA Health Scis.*,
    No. 03-3216 MMC, 2005 WL 181886 (N.D. Cal. Jan. 26, 2005) ............................. 15

*DP Derm, LLC v. Derma Pen IP Holdings LLC*,
    No. 9207304, 2024 WL 2270431 (T.T.A.B. Apr. 3, 2024) ................................ 10

*FreecycleSunnyvale v. Freecycle Network*,
    626 F.3d 509 (9th Cir. 2010) ....................................................................... 8

*GDM Enters., LLC v. Astral Health & Beauty, Inc.*,
    No. 17-1069-CV-W-SRB, 2018 WL 3453475 (W.D. Mo. July 17, 2018).................... 6

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

ii

*Gilbert L. Loaec 2014 Tr. v. Doheny*,

   No. 19-CV-02078-NC, 2019 WL 6255417 (N.D. Cal. Nov. 22, 2019) ...................... 14

*Gilligan v. Jamco Dev. Corp.*,

   108 F.3d 246 (9th Cir. 1997) .......................................................................................... 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,

   572 U.S. 118 (2014) ...................................................................................................... 11

*Malibu Media, LLC v. Doe*,

   No. C 15-04441 WHA, 2016 WL 3383758 (N.D. Cal. June 20, 2016) .................... 6, 7

*Mayson-Dixon Strategic Consulting, LLC v. Mason-Dixon Polling &*

   *Strategic Consulting, Inc.*,

   324 F. Supp. 3d 569 (D. Md. 2018) ............................................................................... 9

*Mimedx Grp., Inc. v. Osiris Therapeutics, Inc.*,

   No. 16 CIV. 3645 (KPF), 2017 WL 3129799 (S.D.N.Y. July 21, 2017) ................... 18

*Mir v. Little Co. of Mary Hosp.*,

   844 F.2d 646 (9th Cir. 1988) .......................................................................................... 5

*In re Nexus 6P Prods. Liab. Litig.*,

   293 F. Supp. 3d 888 (N.D. Cal. 2018) ......................................................................... 15

*Noble House Home Furnishings LLC v. Floorco Enters. LLC*,

   118 U.S.P.Q.2d 1413 (T.T.A.B., April 4, 2016) ..................................................... 9, 10

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,

   No. 16-CV-00253-WHO, 2016 WL 6393503 (N.D. Cal. Oct. 28, 2016) ............... 7, 14

*Sanchez v. Nurture, Inc.*,

   626 F. Supp. 3d 1107 (N.D. Cal. 2022) ....................................................................... 15

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,

   No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) ........ 11, 12, 13

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,

   No. 21-CV-01280-JST, 2022 WL 20286688 (N.D. Cal. Feb. 24, 2022) .................... 18

TARTER KRINSKY & DROGIN LLP

2029 CENTURY PARK EAST, SUITE 400N

LOS ANGELES, CALIFORNIA 90067

TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

*Shinde v. Nithyananda Found.*,

    No. EDCV 13-00363-JGB (SPx),

    2013 WL 12132050 (C.D. Cal. July 19, 2013) ..................................................... 14, 15

*SKWS Enters., Inc. v. Levonchuck*,

    No. CV 17-3327-R, 2018 WL 11351584 (C.D. Cal. Apr. 2, 2018)............................ 14

*Stickrath v. Globalstar, Inc.*,

    No. C07-1941 TEH, 2008 WL 2050990 (N.D. Cal. May 13, 2008) ............................ 6

*Vasquez v. L.A. County*,

    487 F.3d 1246 (9th Cir. 2007).................................................................................. 5

*Worldhomecenter.com, Inc. v. KWC Am., Inc.*,

    No. 10 CIV. 7781 NRB, 2011 WL 4352390 (S.D.N.Y. Sept. 15, 2011).................... 16

*WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*,

    851 F. Supp. 2d 494 (S.D.N.Y. 2011)................................................................ 16, 17

*Yelp, Inc. v. ReviewVio, Inc.*,

    No. C 23-06508 WHA, 2024 WL 2883668 (N.D. Cal. June 6, 2024)........................ 14

**Statutes**

15 U.S.C § 1055................................................................................................................. 8

15 U.S.C. § 1064(3).......................................................................................................... 7

15 U.S.C. § 1127........................................................................................................... 7, 9

Business and Professions Code §§ 17200 et seq. ............................................................. 2

California's Unfair Competition Law...................................................................... 1, 15, 18

New York's General Business Law........................................................................... 1, 2, 15

GBL § 349 ........................................................................................................... 16, 17, 18

GBL § 369-b ............................................................................................. 1, 15, 16, 17, 18

Lanham Act .............................................................................................................*passim*

Magnuson-Moss Warranty Act ...................................................................................... 15

**Rules**

Fed. R. Civ. P. 8.......................................................................................................5, 13, 14

1   Fed. R. Civ. P. 9(b) ................................................................................. 13, 14

2   Fed. R. Civ. P. 12(b)(6) ................................................................................. 5

3   Fed. R. Civ. P. 41(a)(2) .................................................................................. 6

4   **Other Authorities**

5   U.S. Constitution, Article III ................................................................... *passim*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465</div>

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED
COUNTERCLAIMS

Case No: 5:25-cv-00045-BLF

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant/Counterclaimant CHOICE ELECTRONICS INC. ("Choice Electronics" or "Defendant") submits this Memorandum of Points and Authorities in opposition to Plaintiff/Counterclaim-Defendant CORSAIR GAMING, INC. ("Corsair Gaming") and Counterclaim-Defendant CORSAIR MEMORY INC.'s ("Corsair Memory") (collectively, "Counterclaim-Defendants" or the "Corsair Parties") Motion to Dismiss dated April 18, 2025 (ECF No. 36, "Motion") the Amended Counterclaims dated April 4, 2025 (ECF. No. 34, "Counterclaims" or "Countercl.") filed by Choice Electronics.

## I.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether a declaratory judgment claim of non-infringement in a trademark litigation should be dismissed merely because it concerns the same subject matter those in the Complaint?

2.    Whether a trademark has been abandoned, and therefore subject to cancellation, when the mark is owned by a subsidiary company but is being used, without a license agreement, by a parent company over which the subsidiary trademark owner has no control or authority?

3.    Whether Choice Electronics has standing to assert a false advertising claim under the Lanham Act and whether such claim has sufficiently been alleged by Choice Electronics?

4.    Whether Choice Electronics properly alleged claims under California's Unfair Competition Law and New York's General Business Law based on Corsair Gaming's violations of: (1) the Magnuson-Moss Warranty Act; (2) New York's GBL § 369-b; and (3) the Lanham Act.

## II.    INTRODUCTION

The Counterclaims asserted by Choice Electronics in this action pertain to Corsair Gaming's unfair manipulation of Amazon listings by using old listings for unrelated new products in order to show inflated and unwarranted reviews for the new and fundamentally different products. As detailed in the Counterclaims, Corsair Gaming has long engaged in conduct specifically designed to stifle competition and control pricing on Amazon by manipulating the reviews of its products on the Amazon marketplace. Indeed, as detailed in the Counterclaims, this persistent conduct of false advertising materially misleads consumers who rely on product reviews before making a purchase.

Ultimately, by manipulating the reviews for the products they offer for sale, Corsair Gaming, under false pretenses, diverts consumers away from their competitors, such as Choice Electronics.

Further, while Corsair Gaming initiated this action by alleging purported Lanham Act violations (*see, generally,* ECF. No. 1, "Complaint" or "Compl."), the trademark on which these claims are based was abandoned as a direct result of the fact that it was licensed by Corsair Memory (the trademark owner) to its parent corporation, Corsair Gaming, without controlling the quality of the goods bearing the licensed trademarks (*i.e.,* "naked" licensing).

Accordingly, Choice Electronics asserted the Counterclaims seeking a declaratory judgment of non-infringement (Counterclaim I), an order directing the Director of the USPTO to cancel Corsair Memory's abandoned trademark (Counterclaim II) as well as monetary and injunctive relief against Corsair Gaming pertaining to its false advertising (Counterclaim III), violations of California a Business and Professions Code §§ 17200 et seq. (Counterclaim IV), and violations of New York's General Business Law (Counterclaim V). The Counterclaims go far beyond the requirements of notice pleading—they explain precisely why Choice Electronics is entitled to the requested relief.

*First,* Choice Electronics' claim for abandonment (Counterclaim II) is not legally deficient because the use of a trademark by a parent company (*i.e.,* Corsair Gaming) that has complete control over the goods sold does not inure to the benefit of a subsidiary registrant (*i.e.,* Corsair Memory).

*Second,* under settled law, Choice Electronics has proper standing, as a competitor of the Corsair Parties, to assert its Lanham Act false advertising claim (Counterclaim III), for which the Counterclaims' 133 paragraphs include specific allegations that meet any pleading requirement.

*Third,* the unfair trade practices claims under California law (Counterclaim IV) and New York law (Counterclaim V), for which Choice Electronics has standing, are adequately alleged as they include sufficient allegations of actionable conduct on the part of Corsair Gaming.

*Fourth*, the declaratory judgment claim (Counterclaim I) is not "redundant and improper" but rather properly seeks to resolve a genuine case or controversy as to its legal rights. Accordingly, the Corsair Parties' Motion should be denied its entirety.

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS

### III.    RELEVANT FACTS

Choice Electronics, a competitor of Corsair Gaming, is in the business of lawfully acquiring and re-selling various products for a profit, including genuine Corsair Products, through an Amazon storefront. (*Id.* ¶¶ 15–18). Choice Electronics has invested significant efforts into building a successful and reputable Amazon storefront, which has amassed thousands of reviews and holds a near perfect customer rating. (*Id.* ¶¶ 17, 25–26).

Corsair Memory, a subsidiary of Corsair Gaming, is the owner-of-record of U.S. Trademark Registration No. 3,209,882 for the mark CORSAIR (the "Corsair Registration"). (Countercl. ¶¶ 4, 12). Corsair Gaming is in the business of designing, manufacturing and selling computer and gaming products in the United States under the "CORSAIR" brand name ("Corsair Products"). (Countercl. ¶ 10; Compl. ¶ 5). Corsair Gaming does not license the Corsair Registration from Corsair Memory. This is evidenced by Corsair Gaming's 2024 Annual Report to the U.S. Securities and Exchange Commission, which (inaccurately) stating that Corsair Gaming, not Corsair Memory, is the owner of the CORSAIR trademarks without making the slightest mention of any licensing agreement between the Corsair Parties. (*Id.* ¶ 14).

As alleged in the Counterclaims, the Corsair Products purchased from Corsair Gaming, or its authorized resellers, are covered by a purported warranty provided by Corsair Gaming (the "Corsair Warranty"). (*Id.* ¶¶ 63–64; Compl. ¶¶ 15–16). However, the "Corsair Warranty" is invalid and does not comply with federal law and by publishing that warranty on its website, Corsair Gaming is deceiving consumers regarding the legitimacy thereof. (Countercl. ¶¶ 67–73). Further, the Corsair Warranty's disclaimer that the warranty will not extend to Corsair Products not purchased either from Corsair Gaming or an authorized third-party (the "Warranty Disclaimer") is invalid and thus, constitutes a deceptive trade practice under New York law. (*Id.* ¶¶ 64, 74–82; Compl. ¶ 16). This unlawful conduct has injured Choice Electronics because the illegal "Corsair Warranty" and "Warranty Disclaimer" has discouraged and dissuaded consumers from purchasing genuine Corsair Products from Choice Electronics. (Countercl. ¶ 82).

Amazon allows its vendors (like Corsair Gaming) to create "variation" relationships between products sold on Amazon.com that are substantially the same. (*Id.* ¶¶ 29–30).  Such products may

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

3

differ only in narrow, specific ways—such as color or quantity. According to Amazon's rules and policies, substantially different products should not share a variation relationship. (*Id.* ¶¶ 31–35).

Corsair Gaming has ignored these policies and has created variation relationships among Corsair Products that are unrelated to each other, as illustrated by the fact that they listed three fundamentally different computer monitors employing different technologies as variations of each other. (*Id.* ¶¶ 37–49). By engaging in such conduct, Corsair gaming is misleading consumers into wrongfully believing that newer products are substantially the same as previously listed products that differ in more ways than just color and size. (*Id.* ¶ 52). Moreover, this conduct misleads consumers, a vast majority of which rely on prior reviews before finalizing a purchase on Amazon, into wrongly believing that the accumulated reviews for the older products belong to, or otherwise endorse, a substantially different product. (*Id.* ¶¶ 53–55). In sum, Corsair Gaming's activities violate Amazon's policies, are encompassed by the types of activity that the U.S. Federal Trade Commission has deemed to constitute false advertisement and violate both the federal Lanham Act as well as California and New York deceptive business practices statutes. (*Id.* ¶¶ 56–62).

## IV.    LEGAL STANDARD

It is well-established that to survive a Rule 12(b)(6) motion, a complaint must plead "enough factors to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is proper only "if it appears beyond doubt" that the non-moving party "can prove no set of facts which would entitle him to relief." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotations and citation omitted). In making this determination, the court must accept all allegations of fact as true and construe the complaint in the light most favorable to the non-moving party. *Id.* Dismissal is not warranted unless "it is clear that no set of facts in support of the plaintiff's claim would entitle him to relief." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal

4

Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

## V.    ARGUMENT

### A.    Choice Electronics Declaratory Judgment Claim (Counterclaim I) Is Not a "Mirror Image" of Corsair Gaming's Trademark Infringement Claim

The Corsair Parties argue that the declaratory judgment counterclaim is the "mirror image" of Corsair Gaming's trademark infringement claim. (Mot. at 13). This argument is unavailing. It is well established that Courts have "complete discretion whether to hear a counterclaim for declaratory judgment." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008). Courts should not dismiss "declaratory judgment counterclaims "simply because they concern the same subject matter or arise from the same transaction as the complaint. *Id.* at *4. In particular, Courts "should decline to dismiss counterclaims that seek a declaration that the patent or trademark is invalid." *Id.*; *see Castaline v. Aaron Mueller Arts*, No. C 09-02543 CRB, 2010 WL 583944, at *2 (N.D. Cal. Feb. 16, 2010) ("In the . . . trademark realm, courts have found that counterclaims alleging . . . trademark invalidity should not be dismissed as redundant").

Courts declining to dismiss non-infringement declaratory judgment claims in trademark cases "ensures that the defendant is protected against the possibility" that the rights owner "will dismiss the suit or that the infringement action will not resolve all of the issues between the parties." *GDM Enters., LLC v. Astral Health & Beauty, Inc.*, No. 17-1069-CV-W-SRB, 2018 WL 3453475, at *2 (W.D. Mo. July 17, 2018) (internal citations omitted). Indeed, the Motion "seems more like a gimmick designed to allow it an easy exit if discovery reveals its claims are meritless." *Malibu Media, LLC v. Doe,* No. C 15-04441 WHA, 2016 WL 3383758, at *2 (N.D. Cal. June 20, 2016).

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

Further, the Lanham Act provides that a prevailing party may recover its attorneys' fees (which Choice Electronics seeks), and "if events reveal that this case is meritless, [the Corsair Gaming] could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, [Choice Electronics'] counterclaim remains alive, [it] will be able to press [its] counterclaim." *Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 WL 3383758, at *2 (N.D. Cal. June 20, 2016) (denying motion to dismiss declaratory judgment counterclaim and noting that the availability of attorney's fees "may be the *only* factor motivating" defendants to challenge a plaintiff's case on the merits"). Thus, Choice Electronics' declaratory judgment counterclaim should not be dismissed because it "serve[s] . . . [a] useful purpose." *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253-WHO, 2016 WL 6393503, at *10 (N.D. Cal. Oct. 28, 2016).

Further, the Corsair Parties have "not identified any prejudice that [they] would suffer" if the declaratory judgment counterclaim is not dismissed. *Id.* at *11. (denying motion to strike declaratory judgment counterclaim because the case was "still in its early stages" and the plaintiff failed to identify any harm it would incur absent dismissal). To the extent the Corsair Parties suggest that merely having to file an answer constitutes harm, this Court has rejected such a position. *See Malibu Media, LLC*, 2016 WL 3383758, at *2 (holding that filing "an answer in which [the plaintiff] would deny all the allegations and refer back to the complaint" would "impose a negligible burden"). Accordingly, the Motion should be denied with respect to the declaratory judgment counterclaim.

**B.   Choice Electronics Properly Alleges That the Corsair Registration Should Be Cancelled (Counterclaim II) Because It Was Abandoned by Corsair Memory**

The Corsair Parties argue that the Counterclaim seeking cancellation of the Corsair Registration should be dismissed because (1) Choice Electronics does not allege facts to satisfy the elements of such a claim, and (2) the Corsair Registration has not been abandoned because the use thereof by Corsair Gaming "inures to" the benefit of Corsair Memory (*i.e.,* the owner of the Corsair Registration). (Mot. at 5). The Corsair Parties are wrong on both counts.

Trademark registrations are subject to cancellation "[a]t any time if the registered mark . . . has been abandoned." 15 U.S.C. § 1064(3). A mark is deemed abandoned "[w]hen any course of

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1   conduct of the owner, including acts of omission as well as commission, causes the mark to become

2   the generic name for the goods or services on or in connection with which it is used or otherwise to

3   lose its significance as a mark." (Countercl. ¶ 92). *See* 15 U.S.C. § 1127. To that end, as stated by

4   the Ninth Circuit, "Naked Licensing," which "occurs when the licensor fails to exercise adequate

5   quality control over the licensee," is "inherently deceptive and constitutes abandonment of any

6   rights to the trademark by the licensor" and as such "estop[s]" a trademark owner "from asserting

7   rights" thereto. *See FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 515–16 (9th Cir. 2010)

8   (internal quotations and citations omitted).

9       To claim that Choice Electronics merely relies on "purely conclusory allegations" as the

10  Corsair Parties do in their Motion (Mot. at 4) ignores the Counterclaims' allegations. Specifically,

11  the Counterclaims allege that Corsair Memory is the applicant and owner of the owner of the Corsair

12  Registration. (Countercl. ¶ 12). The Counterclaims, citing Corsair Gaming's SEC filings, also allege

13  that Corsair Memory is a subsidiary of, and does not exercise any control over, Corsair Gaming. (*Id.*

14  ¶¶ 4, 98).  Further, as evidenced by Corsair Gaming's 2024 Annual Report, the Counterclaims allege

15  that there is no license agreement in which Corsair Gaming licenses the Corsair registration from

16  Corsair Memory. (*Id.* ¶¶ 14, 100). Additionally, the Counterclaims allege that Corsair Gaming,

17  which undisputedly "designs, manufactures, and sells" products under the CORSAIR brand name

18  (Compl. ¶ 5; Countercl. ¶ 10), purports (inaccurately) to be the "exclusive" owner of the Corsair

19  Registration. (Compl. ¶¶ 11, 12; Countercl. ¶¶ 13, 96–97).

20      Thus, the Counterclaims allege sufficient facts to show that Corsair Memory, without any

21  licensing agreements in place, has given Corsair Gaming, a company over which Corsair Memory

22  exercises no control, free reign to not only use the Corsair Trademarks without any quality control

23  measures in place but also to claim the trademark as its own publicly. Such conduct is the very

24  definition of the "naked licensing" that the Ninth Circuit considers to be "inherently deceptive" and

25  an "abandonment of any rights" to a trademark.  *See FreecycleSunnyvale*, 626 F.3d at 515–16.

26      The Corsair Parties' attempt to avoid these facts by suggesting that Corsair Gaming's use of

27  the Corsair trademark "inures to Corsair Memory's benefit" (Mot. at 5) is unavailing as such a

28  position seeks to introduce factual allegations outside of the pleadings and, in all events, is

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

7

TARTER KRINSKY & DROGIN LLP

2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1    antithetical to settled law. While use of a registered mark by a "related company" inures to the

2    benefit of the trademark owner (*see* 15 U.S.C § 1055), the term "related company" is defined as

3    "any person whose use of a mark is controlled by the owner of the mark with respect to the nature

4    and quality of the goods or services on or in connection with which the mark is used." 15 U.S.C

5    § 1127. As explained by the Trademark Trial and Appeal Board ("TTAB"), the "essence of related-

6    company use is the control exercised over the nature and quality of the goods or services on or in

7    connection with which the mark is used." *Noble House Home Furnishings LLC v. Floorco Enters.*

8    *LLC*, 118 U.S.P.Q.2d 1413 (T.T.A.B. Apr. 4, 2016).

9    As such, in cases where a parent company owns a trademark and licenses it to a subsidiary

10   such use inures to the parent company owner because, consistent with the definition of "related

11   company," the parent company's "control over the affairs of a subsidiary will be sufficient  to

12   presume that the parent company is adequately exercising control over the nature and quality of

13   goods and services sold by the subsidiary under a mark owned by the parent, without the need for a

14   license agreement." *Id.* However, in this case, a subsidiary with no control over the parent company

15   is the owner of the trademark subject to cancellation, not the other way around.

16   *Mayson-Dixon Strategic Consulting, LLC v. Mason-Dixon Polling & Strategic Consulting,*

17   *Inc.*, 324 F. Supp. 3d 569, 577 (D. Md. 2018) on which the Corsair Parties rely (Mot. at 5) is

18   inapposite as it does not involve a parent company using a mark owned by its subsidiary. Rather,

19   that case involved two companies owned (and controlled) by one individual; under those facts, the

20   Court held that the use of the mark by one company inured to the company that owned the mark.

21   Unlike in *Mayson-Dixon Strategic Consulting,* LLC, Corsair Gaming formed, maintained,

22   and controlled, Corsair Memory as a separate legal entity and authorized this "legally distinct

23   subsidiary" to be the applicant and owner of the Corsair Registration. (Countercl. ¶¶ 4, 12, 98).

24   *Noble House Home Furnishings LLC*, Cancellation No. 92057394, 118 U.S.P.Q.2d 1413. And while

25   such "a business structure may offer some advantages," the "existence of a separate and distinct . . .

26   cannot be turned on or off at will to suit the occasion." *Id.* (explaining that this result is "merely the

27   flip side of the principle that a parent corporation is not liable for the wrongs of its subsidiary absent

28   disregard of corporate separateness, such as an 'alter ego' relationship").

8

Accordingly, because Corsair Gaming "(i) uses the [Corsair] mark, (ii) controls [Corsair Memory] (and not vice versa) and (iii) has no agreements with [Corsair Memory] concerning use of the [Corsair] mark, and (iv) controls the nature and quality of [the Corsair Products] sold and/or intended to be sold under the mark, the use of the [Corsair Mark] by [Corsair Gaming] does not inure to the benefit of [Corsair Memory]." *Noble House Home Furnishings LLC*, 118 U.S.P.Q.2d 1413. (*See* Countercl. ¶¶ 4–5, 12–14, 96–100). This is because Corsair Gaming "does not meet the definition of a related company (*i.e.,* an entity whose use of the mark is controlled by the registrant of the mark with respect to the nature and quality of the goods)." *Noble House Home Furnishings LLC*, 118 U.S.P.Q.2d 1413. (holding that the parent company's use of a trademark "cannot be deemed use of the mark" by the subsidiary registered owner); *see also DP Derm, LLC v. Derma Pen IP Holdings LLC*, Cancellation No. 9207304, 2024 WL 2270431 at *23–24 (T.T.A.B. Apr. 3, 2024) (holding that a trademark was abandoned because use by a parent company could not "be deemed use of the mark" by the subsidiary registered owner). Thus, Choice Electronics has sufficiently alleged that the Corsair Registration is subject to cancellation because it was abandoned by its owner, Corsair Memory, which engaged in "naked licensing." As such, Choice Electronics' abandonment claim is proper and should proceed.

## C.  Choice Electronics Has Standing To Assert The False Advertising Claim (Counterclaim III) That Has Been Sufficiently Alleged In The Counterclaims

### 1.    *Choice Electronics Has Standing to Assert a Claim for False Advertising*

The Corsair Parties seemingly do not challenge the fact that Choice Electronics has statutory standing to bring a false advertising claim under the Lanham. Rather, the Corsair Parties suggest that the Counterclaims do not plead sufficient facts to establish Article III standing. (Mot. at 6–7). The Corsair Parties are wrong. To have standing under Article III, a party "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the [other party] and likely redressed by a favorable judicial decision." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014).

To that end, the Supreme Court has held that allegations of "lost sales and damage to [a competitor's] business reputation" are sufficient to give a party "standing under Article III to press

9

its false-advertising claim." *Id.* As such, parties can prove their injury "by creating a chain of inferences showing how the false advertising could harm [their] business." *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 11593043 at *3 (N.D. Cal. Aug. 16, 2021). Further, "[e]vidence of direct competition is strong proof that plaintiffs have a stake in the outcome of the suit, so their injury isn't conjectural or hypothetical." *Id.*

The Court's holding in *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) is instructive in this case. There, the Court denied a motion to dismiss and held that the plaintiff alleged sufficient facts to establish Article III and Lanham Act standing to pursue its false advertising claim. *Id.* at *3–*6. Specifically, the Court held that the plaintiff sufficiently alleged an "injury-in-fact" and a causal link between the false advertising and the alleged injury by pleading that: (1) the plaintiff competed with the defendants for consumers looking to purchase lidocaine patches; (2) the defendants falsely advertised the nature/benefits of its lidocaine patch; and (3) the plaintiff's false advertising deceived consumers into buying the defendants' lidocaine patches rather than those of the plaintiff. *Id.* at *3–*5.

Similarly, Choice Electronics pleads sufficient facts to confer Article III standing. *First,* Choice Electronics alleges that Choice Electronics and Corsair Gaming are "competitors in the sale of computer and gaming products" in no small part because both offer Corsair Products for sale. (Countercl. ¶¶ 18, 105–106). *Second*, Choice Electronics alleges that Corsair Gaming engages in false advertising by creating variation listings for fundamentally different and unrelated products, which deceives consumers into wrongly believing that: (1) new fundamentally different products are newer products are substantially the same as previously listed products that differ in more ways than just color and size. (*Id.* ¶ 52); and (2) the accumulated reviews for the older products belong to, or otherwise endorses, a substantially different product. (*Id.* ¶¶ 53–55). *Third,* Choice Electronics alleges that "Corsair Gaming's false advertising conduct entices consumers to purchase products from Corsair Gaming and in turn harms competitors, including Choice Electronics, by diverting customers away from them." (*Id.* ¶¶ 56, 113–114). Such allegations mirror those that the *Scilex Pharms.* court found sufficient to establish Article III standing.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS

Further, Choice Electronics does "set forth the necessary 'chain of inferences' establishing how such alleged consumer deception translates to into cognizable harm to Choice Electronics itself." (Mot. at 7). In particular, the Counterclaims includes allegations that Corsair Gaming's manipulation of reviews through listing unrelated products as variations of each other has directly enticed consumers to purchase products from Corsair Gaming rather than Choice Electronics. (Countercl. ¶ 56). This allegation is not merely conclusory as Corsair Gaming contends; quite the opposite as the Counterclaims include reporting that at least 75% of consumers consider products reviews on Amazon prior to making a purchase. (*Id.* ¶ 55). At a minimum, these allegations create an issue of fact that should be explored through discovery and not decided on a motion to dismiss.

The allegations in the Counterclaims and in *Scilex Pharms. Inc.* are distinguishable from those in *Allbirds, Inc. v. Giesswein Walkwaren AG*, No. 19-CV-05638-BLF, 2020 WL 6826487 (N.D. Cal. June 4, 2020), on which the Corsair Parties rely. There, the Court held that while the plaintiff alleged sufficient facts to show that the parties competed for the same revenue generated from wool running shoes, the plaintiff failed to provide evidence to support its contention that customers prefer all natural products. *Allbirds*, 2020 WL 6826487, at *4. In contrast, the Counterclaims clearly allege that consumer reviews (which Corsair Gaming manipulated) are crucial to consumers' decision to purchase a product on Amazon. (Countercl. ¶¶ 55–56).

Additionally, the Corsair Parties' citation to paragraph 16 of the Counterclaims to suggest that Choice Electronics benefits from Corsair Gaming's false advertising is misleading. (Mot. at 7). Paragraph 16 **does not** state that "Choice Electronics sells Corsair Products on the very same Amazon page it now characterizes as deceptive." (Mot. at 7). Rather, paragraph 16 merely states that Choice Electronics resells products through its own Amazon storefront. (Countercl. ¶ 16). Thus, there are simply no allegations to give any credence to the notion that Choice Electronics has not been injured, much less benefited, from Corsair Gaming's false advertising.

Finally, the Counterclaims allege that Corsair Gaming "controls the content or structure" of the Corsair Products offered for sale on Amazon. (Mot. at 8). The Counterclaims specifically allege that Amazon permits its vendors (like Corsair Gaming) to "create "variation" relationships between products sold on Amazon.com that are substantially the same." (Countercl. ¶ 30). The

11

TARTER KRINSKY & DROGIN LLP

2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1    Counterclaims also expressly allege that "Corsair Gaming has . . . has created variation relationships

2    amongst Corsair Products that are unrelated to each other" (*Id.* ¶¶ 36, 37). The suggestion that this

3    claim should be made *against Amazon* is absurd. As also detailed in the Counterclaims, and noted

4    above, the Federal Trade Commission has successfully pursued similar claims against entities like

5    Corsair Gaming (not Amazon) for engaging in the same deceptive conduct. (*Id.* ¶¶ 56-62).

6    Accordingly, enjoining Corsair Gaming from engaging in such conduct will "redress" Choice

7    Electronics' "harm of losing sales from customers who would have purchased" computer and

8    gaming products from Choice Electronics rather than the Corsair Parties. *Scilex Pharms. Inc.*, 2021

9    WL 11593043 at *3. Thus, Choice Electronics has Article III standing to assert a false advertising

10   counterclaim.

11                **2.    *Choice Electronics Has Sufficiently Alleged Facts to Support Its False***

12                         ***Advertising Claim***

13         The Corsair Parties contend that the false advertising counterclaim is subject to the pleading

14   requirement set forth in Rule 9(b) rather than that of Rule 8(a) and that Choice Electronics has not

15   met that burden. This too is wrong. As an initial matter, the heightened pleading standard of Rule

16   9(b) does not automatically apply to Lanham Act false advertising claims. Even the cases on which

17   the Corsair Parties rely state that Rule 9(b) only applies to a "Lanham Act claim [that] is predicated

18   on the theory that the defendant engaged in a knowing and intentional misrepresentation." (Mot. at

19   8, citing, *Yelp, Inc. v. ReviewVio, Inc.*, No. C 23-06508 WHA, 2024 WL 2883668, at *2 (N.D. Cal.

20   June 6, 2024). Accordingly, Rule 9(b) does not apply here because the false advertising counterclaim

21   "does not 'sound in fraud' because [Choice Electronics] does not specifically allege fraud, fraud is

22   not an essential element of the counterclaim, and [Choice Electronics] does not allege a 'unified

23   course of fraudulent conduct and rely entirely on that course of conduct as the basis of the claim.

24   *See SKWS Enters., Inc. v. Levonchuck,* No. CV 17-3327-R, 2018 WL 11351584, at *3 (C.D. Cal.

25   Apr. 2, 2018) (applying Rule 8(a) pleading standard to Lanham Act false advertising claim).

26         Even if, *arguendo*, Rule 9(b) did apply, Choice Electronics' specific and detailed allegations

27   meet the requisite heightened pleading standard. Rule 9(b) "requires only that the circumstances of

28   fraud be stated with particularity; other facts may be pleaded generally, or in accordance with Rule

                                                    12

8." *Openwave Messaging, Inc*, 2016 WL 6393503, at *4. As acknowledged by the Corsair Parties, the Counterclaims provide an illustrative example of Corsair Gaming's false advertising involving three fundamentally different computer monitors employing different technologies that were listed as variations of each other. (Countercl. ¶¶ 37–49). This example clearly alleges the "particular details" of Corsair Gaming's false advertising. *See Gilbert L. Loaec 2014 Tr. v. Doheny,* No. 19-CV-02078-NC, 2019 WL 6255417, at *3 (N.D. Cal. Nov. 22, 2019). Despite this, the Corsair Parties seemingly contend that Choice Electronics must identify every single instance of when Corsair Gaming improperly manipulated reviews by creating variation listing for unrelated products. (Mot. at 8). However, "Rule 9(b) does not require a plaintiff to set forth a complete history of every transaction." *Shinde v. Nithyananda Found.*, No. EDCV 13-00363-JGB (SPx), 2013 WL 12132050, at *9 (C.D. Cal. July 19, 2013) (internal quotations and citations omitted). Accordingly, the allegations in the Counterclaims "are pleaded with the requisite particularity because the allegations are sufficient to allow [the Corsair Parties] to properly respond and prepare their case." *Id.*

### D.   Choice Electronics Properly Alleges Counterclaims Under California's Unfair Competition Law ("UCL") And New York's General Business Law ("GBL")

The Corsair Parties' suggestion that Choice Electronics is asserting claims under either the Magnuson-Moss Warranty Act or New York's G.B.L. § 369-b is red herring that wholly mischaracterizes the Counterclaims. Rather, the Corsair Parties' violations of those statues, in addition to their violations of the Lanham Act, serve as the predicate wrongdoing on the part of the Corsair Parties to assert state law claims under California's UCL and New York's GBL. This is plainly permissible.

The "underlying purpose" of the UCL is to "protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Sanchez v. Nurture, Inc.*, 626 F. Supp. 3d 1107, 1115 (N.D. Cal. 2022). To that end, the UCL "prohibits business practices that are unlawful, unfair, or fraudulent." *Id.* at 1114–15. The "unlawful" prong of the UCL covers "any business practice that violate[s] an independent statutory duty." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 929 (N.D. Cal. 2018). The statute providing the predicate for the unlawful conduct need not have a private cause of action. *See Sanchez v. Nurture, Inc.*, 626 F. Supp.

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

13

3d 1107, 1118 (N.D. Cal. 2022) (holding that alleged violations of FDA regulations constituted unlawful conduct within the meaning of the UCL); *see also Creagri, Inc. v. USANA Health Scis.*, No. 03-3216 MMC, 2005 WL 181886, at *7 (N.D. Cal. Jan. 26, 2005) (no private cause of action exists under the FDCA or FDA regulations"). Here, the Counterclaims allege unlawful conduct on the part of Corsair Gaming resulting from its violations of the Magnuson-Moss Warranty Act. (Countercl. ¶¶ 63–73). This is sufficient to allege unlawful conduct and assert a UCL claim.

Pursuant to GBL § 369-b, "[a] warranty or guarantee of merchandise may not be limited by a manufacturer doing business in this state solely for the reason that such merchandise is sold by a particular dealer or dealers, or that the dealer who sold the merchandise at retail has, since the date of sale, either gone out of business or no longer sells such merchandise. Any attempt to limit the manufacturer's warranty or guarantee for the aforesaid reason is void." As detailed in both the Complaint and the Counterclaims, the Corsair Warranty includes a disclaimer (*i.e.,* the Warranty Disclaimer) providing that the Corsair Warranty "will not be available" for Corsair Products that were purchased from "an unauthorized reseller." (Compl. ¶ 16; Countercl. ¶¶ 64–65). This "stated policy of refusing to honor warranties of products for the sole reason that they were sold by unauthorized dealers is contrary to GBL 369–b." *Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp. 2d 208, 227 (S.D.N.Y. 2011); *see also WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*, 851 F. Supp. 2d 494, 500 (S.D.N.Y. 2011) (holding that "a warranty disclaimer policy attempted to do-disclaim warranties of products sold by Plaintiff" is a violation of GBL § 369-b).

To the extent that the Corsair Parties suggest that its Warranty Disclaimer does not violate GBL § 369-b, such a position has no factual support at this stage, let alone any legal basis. As explained by the Southern District of New York, the Practice Commentary to GBL § 369-b states that the purpose of the law is to "prevent denial of manufacturer warranty service to customers . . . because goods were sold by unauthorized dealers . . . Abuse may arise if the manufacturer seeks to avoid an express warranty because the "wrong" dealer sold the goods . . . this is the evil at which [GBL] 369–b is aimed." *See Bel Canto Design, Ltd.*, 837 F. Supp. 2d at 227 (quoting practice commentaries and rejecting the narrow reading of GBL § 369-b by the Court in

TARTER KRINSKY & DROGIN LLP

2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

1    *Worldhomecenter.com, Inc. v. KWC Am., Inc.*, No. 10 CIV. 7781 NRB, 2011 WL 4352390, at *2

2    (S.D.N.Y. Sept. 15, 2011), on which the Corsair Parties heavily).

3           Further, the Corsair Parties position that GBL § 369-b cannot serve as a predicate wrongful

4    act to successfully assert a claim under GBL § 349 is without merit. The Corsair Parties' reliance

5    on *Cisco Sys., Inc. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813 (N.D. Cal. 2019) for that proposition

6    is misguided. In that case, the Court dismissed a declaratory judgment claim seeking to invalidate a

7    warranty under GBL § 369-b.  *Cisco Sys., Inc. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813, 826

8    (N.D. Cal. 2019). In contrast, Choice Electronics asserts a counterclaim alleging a violation of GBL

9    § 349 (not a declaratory judgment) resulting from the Corsair Parties' violations of GBL § 369-b. It

10   is notable that GBL § 369-b "is in the same chapter of General Business Law as GBL 349," which

11   is precisely the statute that Choice Electronics claims Corsair Gaming is violating. (Countercl. ¶¶

12   126–133); *see Bel Canto Design, Ltd.*, 837 F. Supp. 2d at 227. In fact, courts have denied motions

13   to dismiss deceptive trade practices claims brought under GBL § 349 whereby the underlying

14   wrongful conduct stemmed from violations of GBL § 369-b.

15          For example, in *WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*, 851 F. Supp. 2d 494

16   (S.D.N.Y. 2011), the Southern District of New York rejected the same argument made here by the

17   Corsair Parties' and denied a motion to dismiss a claim brought under GBL § 349. There, just like

18   Choice Electronics does in this case, the plaintiff alleged that a warranty disclaimer policy published

19   to consumers violated GBL § 369-b and thus, constituted a deceptive trade practice that "unfairly

20   discourage[d] and dissuade[d] consumers from purchasing merchandise from Plaintiff and

21   unlawfully penalize[d] Plaintiff's customers who purchase Defendant's products."

22   *WorldHomeCenter.com*, 851 F. Supp. 2d at 500 (internal quotations omitted) (*compare with*

23   Countercl. ¶¶ 63–65, 75–82).

24          In short, courts have repeatedly found the allegations in the Counterclaims more than

25   sufficient to withstand dismissal where the warranty disclaimer policy at issue, which was published

26   to the public: (1) constituted consumer-oriented conducted; (2) was a deceptive act within the

27   meaning of GBL § 349; and (3) caused the plaintiff third-party reseller actual injury.

28   *WorldHomeCenter.com, Inc.*, 851 F. Supp. 2d at 500; *see Bel Canto Design, Ltd. v. MSS HiFi, Inc.*,

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

15

No. 11 CIV. 6353 CM, 2012 WL 2376466, at *17 (S.D.N.Y. June 20, 2012) (denying motion to dismiss GBL § 349 claim because, as alleged in the Complaint, a warranty disclaimer violating GBL § 369-b that was published to the public could constitute a false statement within the meaning to the Lanham Act); *see Mimedx Grp., Inc. v. Osiris Therapeutics, Inc.*, No. 16 CIV. 3645 (KPF), 2017 WL 3129799, at *14 (S.D.N.Y. July 21, 2017) (noting that claims under GBL § 349 are analyzed "using the same standard" as Lanham Act claims"). As detailed above, these facts, as is the case with the false advertising counterclaim, confer Article III standing given that, as detailed herein, Choice Electronics has alleged a chain of inference between the damages it suffered and Corsair Gaming's unlawful Warranty and Warranty Disclaimer.

In any event there is no basis to dismiss either of Choice Electronics' state law claims given that Choice Electronics has properly asserted a false advertising claim under the Lanham Act. (*supra* at Section C). *See Mimedx Grp., Inc.*, 2017 WL 3129799, at *14 (denying motion to dismiss GBL § 349 and Lanham Act claim for false advertising; *see also Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2022 WL 20286688, at *9 (N.D. Cal. Feb. 24, 2022) (explaining that UCL claims are "substantially congruent to claims made under the Lanham Act" and as such, using the same analysis to deny a motion to dismiss UCL and Lanham Act claims).

## VI.    CONCLUSION

For the above stated reasons, Counterclaimant respectfully requests that the Court should deny Counterclaim Defendants' Motion to Dismiss and grant such further relief as is deemed just and proper.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS

TARTER KRINSKY & DROGIN LLP
2029 CENTURY PARK EAST, SUITE 400N
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (424) 330-8580 • FACSIMILE (315) 512-1465

DATED: May 2, 2025                          **TARTER KRINSKY & DROGIN LLP**

By:  _____/s/ Michael Benzaki_____

TYLER R. DOWDALL (SBN. 258950)
*tdowdall@tarterkrinsky.com*
TARTER KRINSKY & DROGIN LLP
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465

MICHAEL BENZAKI (admitted *pro hac vice*)
*mbenzaki@tarterkrinsky.com*
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0377
Facsimile: (212) 216-8001

***Attorneys for Defendant/
Counterclaim-Plaintiff***

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS

Case No: 5:25-cv-00045-BLF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2025, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: May 2, 2025                    */s/ Michael Benzaki*
                                     Michael Benzaki

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIMS

Case No: 5:25-cv-00045-BLF