Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Morgan T. Nickerson (SBN 667290) (*Pro Hac Vice*)
Morgan.Nickerson@klgates.com
K&L GATES LLP
1 Congress Street, 29th Floor
Boston, MA 02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3134

*Attorneys for Plaintiff/Counterclaim-Defendant and Third-Party Defendant*
CORSAIR GAMING, INC. and
CORSAIR MEMORY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>Defendant.<br><br>CHOICE ELECTRONICS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>CORSAIR GAMING, INC., and<br>CORSAIR MEMORY INC.,<br><br>Counterclaim- Defendants. | Case No. 5:25-cv-00045-BLF (NMC)<br><br>[Assigned to the Hon. Beth Labson Freeman and Hon. Nathanael M. Cousins]<br><br>**MOTION TO EXTEND FACT DISCOVERY DEADLINE PURSUANT TO LOCAL RULE 6-3** |

Plaintiff and Counterclaim-Defendant Corsair Gaming, Inc. and Third-Party Counterclaim-Defendant Corsair Memory, Inc. (collectively, "Corsair" or "the Corsair Parties") respectfully files this Motion pursuant to Local Rule 6-3, renewing their October 3, 2025 request, filed jointly with Defendant and Counterclaim-Plaintiff Choice Electronics Inc. ("Choice") (together, the "Parties") (ECF No. 52), to extend the existing fact discovery deadline, and in support, states as follows.

## I.   Introduction

Since serving the first round of discovery in March 2025, Corsair has worked diligently to resolve this matter, first by agreeing to early mediation, and then by continuing to pursue discovery while extending professional courtesy and human decency to Choice's counsel. *See Nickerson Decl.* ¶¶ 8-10. Corsair granted multiple extensions to Choice due to counsel's personal medical circumstances. *Id.* Despite originally agreeing to stipulate to an extension to complete discovery in a timely fashion, Choice has now reversed course, effectively preventing Corsair from obtaining information needed to prosecute its affirmative claims and defend the claims against them. *Id.* ¶¶ 22-27.

Corsair acknowledges the Court's guidance in its October 7, 2025 Order (ECF No. 53) and remains committed to complying fully with the Court's expectations while minimizing the need for further judicial intervention. Corsair has been working diligently to advance discovery and keep this case on track. In light of the Court's concerns about the length of the prior requested extension, the proximity of the proposed trial date to the December holidays, and the inclusion of a *Daubert* hearing date, Corsair now proposes that the Court adjust only the fact discovery deadline, without disturbing the original trial date or any other proposed deadlines. *Id.* ¶¶ 22-27. Corsair respectfully requests that the Court grant this request, allowing the parties to complete discovery on (1) the original claims; Choice's counterclaims and affirmative defenses (once amended); and Counterclaim-Defendant Corsair Memory, Inc.'s forthcoming counterclaims. *Id.* ¶¶ 1-7; 28-29.

Should the Court decline to grant a full extension, Corsair alternatively requests that the Court allow Corsair an additional 30 days to depose Mr. Greenspan and the newly identified Amazon witness, along with the source of Choice's products, once identified. *Id.* ¶¶ 15-21; 33-34.

## II. Relevant Background

Corsair served its first requests for production, inspection, admission, and interrogatories upon Choice on March 26, 2025. *Id.* ¶ 8. Choice objected to the request for inspection and issued written responses, while seeking multiple extensions for production. *Id.* Corsair granted these initial extensions a matter of professional courtesy, especially once Corsair agreed to early mediation. *Id.* ¶ 9. The Parties held mediation on August 12, 2025, but were unable to settle. (ECF No. 46).

On August 25, 2025, the Court entered the Parties' ESI and Protective Order stipulations (ECF Nos. 48 & 50). Choice requested additional extensions for production and the deposition of witnesses due to unavailability of counsel and witnesses related to travel, religious observance, and a personal matter faced by counsel. *Id.* ¶¶ 10, 18.

On August 28, 2025, Corsair noticed the deposition of Choice's founder and principal member, Moshe Greenspan, for September 18, 2025. *Id.* ¶ 17. In the ensuing weeks, Choice stated that neither Mr. Greenspan nor counsel would be available on September 18 or any other date in the ensuing four weeks, until the week of October 20, 2025, due to the Jewish holiday. *Id.* ¶¶ 18-19. The parties agreed they would postpone the deposition to the week of October 20 due to his religious holidays, and on October 6, Corsair noticed the deposition for October 20, 2025. *Id.*

On October 3, 2025, the Court issued its Order Granting-in-Part and Denying-in-Part Corsair's Motion to Dismiss Choice's Amended Counterclaims (ECF No. 51), clarifying the operative claims and narrowing the scope of certain counterclaims. *Id.* ¶ 2. Choice has 14 days to further amend its answer and counterclaims, to October 17, 2025, after which time both Corsair Parties will be required to answer. *Id.* ¶ 3. Despite requests from Corsair, Choice has not indicated whether or when they intend to file their amendment. *Id.* ¶ 4. As of today, Choice stated that it still does not know whether it will file an amended pleading. As the Court has allowed the claims against Third-Party Defendant Corsair Memory, Inc. to proceed, that entity intends to file its own Counterclaim against Choice containing claims that have not yet been raised in the case on which all parties will need discovery. *Id.* ¶ 5.

On October 3, 2025, Corsair also made a substantive document production, consisting of more than 430 pages of documents. Choice failed to make any document production until yesterday, October 15, 2025—two days before the discovery deadline. *Id.* ¶ 11. Then, on October 16, 2025, Choice suddenly backed out of the parties' agreement on Mr. Greenspan's deposition, refusing to make Mr. Greenspan available, stating that the agreed upon week of October 20 is beyond the fact discovery deadline. *Id.*

### III.   Good Cause for Extension

Corsair respectfully moves for an order extending only the fact discovery deadline as set forth in the current scheduling order (ECF No. 32) by seventy-five (75) days. In determining good cause for such an extension, courts consider factors such as "whether the non-moving party would be prejudiced," "whether the moving party was diligent in obtaining discovery," and "the likelihood that the discovery will lead to relevant evidence." *Ries v. Arizona Beverages USA LLC*, 2013 WL 12172652, at *2-3 (N.D. Cal. Feb. 5, 2013). Here, good cause exists:

(1) the pleadings remain open, as Third-Party Defendant Corsair Memory has not yet had the opportunity to assert its counterclaim against Choice or be put on notice of Choice's affirmative defenses to that counterclaim;

(2) delays in Corsair Gaming, Inc.'s receipt of key discovery from Choice;

(3) Defendant's principal's inability to attend a deposition due to religious holidays;

(4) the Corsair Parties' need to identify and obtain discovery from the yet-to-be-identified source of the Corsair products sold by Defendant and at issue in this case; and

(5) the need to take discovery as to a third-party witness identified for the first time yesterday, October 15, 2025, by Choice.

Each of these reasons independently is good cause for a modest extension of fact discovery; combined they paint a compelling picture as to why it would be significantly prejudicial to the merits of this dispute to close discovery at this early juncture of the case.

As set forth in more detail in the accompanying Declaration, the need for a short extension arises from legitimate circumstances, not from any lack of diligence. Corsair recognizes the Court's

1  October 7, 2025 order expressing concern over the pace of discovery and acknowledges that the
2  parties' earlier stipulation may not have fully explained the reasons for the delay. *Id.* ¶ 23.

3  The delays to date have been driven by legitimate and unavoidable factors, including the
4  procedural posture of the case—where the pleadings remain open and Corsair Memory, Inc. has
5  not yet even plead its counterclaims against Choice—the availability of Choice's counsel and
6  witnesses, at times limited by personal, religious, and family conflicts, including a serious personal
7  medical matter faced by counsel, international travel by witnesses, and witnesses who were
8  unavailable due to religious observance. *Id.* ¶¶ 10, 18. Collectively, these circumstances
9  contributed to the slower, yet diligent pace of discovery to date.

10  Throughout this case, Corsair has moved discovery forward in earnest. Despite not having
11  any documents produced by Choice, Corsair moved to set depositions. After noticing a deposition
12  in September, Choice stated that the witness was unavailable due to the Jewish holidays and agreed
13  that its founder and principal member, Moshe Greenspan, would be made available during the week
14  of October 20, 2025. Accordingly, Corsair cancelled the September deposition and agreed to re-
15  notice his deposition for October 21 in the witness' home city of New York. *Id.* ¶¶ 17-21.

16  Moreover, after multiple extensions granted due to medical issues faced by Choice's
17  counsel, Choice's document production remains incomplete and inadequate. Choice (finally) made
18  its first production to Corsair last night, **just two days before the close of discovery** despite the fact
19  that the document requests were sent in March. *Id.* ¶¶ 26-27. That production did not contain a
20  single email, customer review, or document related to Choice's Amazon Seller Central platform.
21  Moreover, and key to the good-cause-analysis, the production for the first time identified a new
22  witness, an Amazon employee, via a declaration. Corsair has not yet had time to fully review this
23  last-minute production, and will need time to investigate the new information, confer with Choice
24  and/or move to compel regarding the glaring deficiencies, and eventually, seek additional discovery
25  from the newly identified fact witness just disclosed for the first time by Choice.

26  Importantly, the core dispute in this case centers on the source of the Corsair products sold
27  by Choice. Despite stating in its discovery responses and during meet and confers that it would

produce source information, Choice has not yet done so. Without sourcing information, Corsair is unable to complete its assessment of the authenticity and chain of custody of the Corsair-branded products that Choice sells in its Amazon Storefront. The source of Corsair's Choice products is at the heart of the claims and defenses in this case and must be investigated before the litigation can proceed. Corsair has made clear that it intends to depose the source and needs time to do so. Corsair will suffer immense prejudice if prevented from pursuing this essential discovery. *Id.* ¶¶ 32-33.

Third-Party Counterclaim-Defendant Corsair Memory, Inc. would be further prejudiced without the extension, as it has not even had the opportunity to respond to the claims made against it in Choice's counterclaim. Indeed, Corsair Memory, Inc. has not even had a chance to assert its counterclaims against Choice as it has not yet had the opportunity to file a responsive pleading (including affirmative defenses to the claims against it) or its counterclaim, both of which will require discovery by all Parties and may involve the joinder of an additional party. *Id.* ¶ 28. It would be patently unfair to Corsair Memory, Inc. to close discovery before it has even asserted its claims or been put on notice what Choice's defenses are to its claims against it.

A modest extension of the fact deadline as currently set will allow the Parties to close the pleading by setting forth all claims against all Parties, complete fact discovery in an orderly and efficient manner, accommodate the scheduling conflicts that have arisen, and avoid unnecessary disputes that would otherwise burden the Court. There will be no prejudice to any Party or the Court given that this extension will not affect any other deadlines in the litigation.

Corsair respectfully requests that the Court grant this Motion and enter the Proposed Order. In the alternative, Corsair respectfully requests that the Court allow Corsair an additional 30 days to depose Mr. Greenspan and the newly identified Amazon witness, along with the source of Choice's product, once identified.

Dated: October 16, 2025

**K&L GATES LLP**

By: */s/ Jason N. Haycock*
Jason N. Haycock
Morgan T. Nickerson (*Pro Hac Vice*)