Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Michael Benzaki**
**Associate**
**212-574-0377**
**mbenzaki@tarterkrinsky.com**

**<u>Via ECF</u>** January 8, 2026

The Honorable Nathanael M. Cousins
U.S. District Court, Northern District of California
280 South First Street, Courtroom 4
San Jose, CA 95113

Re: *Corsair Gaming, Inc. v. Choice Electronics Inc.*, No. 5:25-cv-00045
<u>Response to Plaintiff's Letter (ECF No. 63) dated January 7, 2026</u>

Dear Judge Cousins:

Defendant/Counterclaimant Choice Electronics Inc. ("Choice") respectfully submits this letter in response to Plaintiff/Counterclaim-Defendant Corsair Gaming Inc.'s ("Corsair") Letter dated January 7, 2026 (ECF No. 63, "Letter") concerning certain purported discovery disputes.

As an initial matter, despite Corsair's assertions otherwise, the parties have ***not*** met and conferred regarding Choice's document production, which is the basis for the matters raised in the Letter. Rather, the parties merely exchanged two emails on December 15, 2025 and December 19, 2025, which pursuant to Your Honor's Civil Standing Order "does not satisfy the requirement to meet and confer." In an attempt to adhere to Your Honor's express instructions, counsel for Choice advised until a meet and confer occurred, a joint letter was premature. It was subsequently agreed that the meet and confer would take place on January 7, 2026; however, due to unforeseen circumstances counsel for Choice requested that the meet and confer take place the following day at Corsair Counsel's convenience. This request was never acknowledged, and instead of abiding by Your Honor's Civil Standing Order, Corsair decided to hastily file its Letter. In any event, each of the matters raised in the Letter are either moot as no dispute exists (which Corsair would have known had it met and conferred) or entirely meritless.

***First***, the source of Choice's products is entirely irrelevant to this action and Corsair's emphasis on the same only serves to expose the fact that Corsair's "real motive is not to police counterfeit goods, but to find the leak in its supply chain and to close it off." *See Gucci Am., Inc. v. Daffy's, Inc.,* No. CIV.A. 00-4463, 2000 WL 1720738, at *2 (D.N.J. Nov. 14, 2000). However, settled law makes clear that "[t]rademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent." *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987). Notwithstanding this clear law, Choice has ***already*** produced information regarding the identity of its supplier – this information specifically includes the quantity, items, purchase price, and dates for all Corsair-branded products purchased by Choice. In any event, had Corsair *actually* met and conferred with Choice it would have known

that Choice will produce WhatsApp communications in its possession, custody and control with its supplier.

***Second***, Corsair's claim that there is any "gap regarding how products were actually delivered to consumers" is false and further, such information is irrelevant. Corsair's has produced a spreadsheet, generated by the online selling platforms directly, of its completed sales, which includes model numbers, dates, sales price, costs incurred, and total amount received from each sale. Shipping records and documents of that kind are entirely irrelevant to the Complaint's allegations.

***Third***, Corsair's request for communications regarding any and ***all*** "intellectual property violations, warnings, suspensions, removals, and appeals" are overbroad, irrelevant and demonstrative of Corsair's attempt to abuse the discovery process. To be sure, this case ***only*** involves CORSAIR-brand products. Indeed, Choice's principal has expressly testified that Choice ***never*** received any "intellectual property violations, warnings, suspensions, removals" in connection with its sale of CORSAIR-branded products. Documents regarding any other brand or company are plainly irrelevant. Corsair's complaints also call for the creation of documents, which is not required under the discovery rules. *See, e.g.*, *Tate v. Nakashyan*, No. 1:22-CV-00624-SKO (PC), 2025 WL 3467732, at *7 (E.D. Cal. Dec. 3, 2025) ("[A] party is not obligated to create documents that do not exist in response to a discovery request.").

***Fourth***, Corsair has no basis for demanding Choice's tax returns and 1099K forms. In fact, in its Letter, Corsair provides the Court with no basis for such a demand – because there is none. Choice has already produced its invoices with its supplier as well as detailed sales data taken directly from Choice's sales channels. These documents clearly show Choice's costs, revenues and profits related to its sale of Corsair-branded products and thus, there is no reason to compel the disclosure of Choice's tax filings. *See Mike's Novelties, Inc. v. PIV Enters., Inc.*, No. 1:23-CV-01309 JLT SAB, 2025 WL 3277059, at *5 (E.D. Cal. Nov. 25, 2025) (finding that tax returns were irrelevant in trademark infringement litigation because "a tax return for a business does not, in general, show sales associated only with a specific product. Indeed, in general, a tax return reports the business' total income across all of its income-generating activities").

***Fifth***, again, and as Corsair readily concedes, there is no dispute regarding the production of documents related to the Amazon Subpoena. Choice has already agreed to produce these documents. Corsair's argument on this issue simply highlights its failure to meet and confer.

***Finally***, Choice has similarly already agreed to produce a spreadsheet of recorded serial numbers and will do so in kind. To the extent that Corsair complains about the timing of Choice's production, Corsair's complained of RFP No. 53 was served on November 12, 2025, and Choice timely provided its responses on December 12, 2025. As a general matter, Corsair sat on its hands for the first, approximately six months of the discovery period, and admits that it did not make its first document production until October 2025. (*See* ECF No. 62-1 ¶ 6.)

For at least the foregoing reasons, the Court should deny the purported relief requested in Corsair's Letter.

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

*/s/ Michael Benzaki*

Michael Benzaki

Cc: All counsel of record via ECF