

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Sandra A. Hudak**
**Partner**
**212-216-1174**
**shudak@tarterkrinsky.com**

<u>**Via ECF**</u>                                                                        January 12, 2026

The Honorable Nathanael M. Cousins, U.S.M.J.
United States District Court, Norther District of California
280 South 1st Street, Courtroom 5
San Jose, California 95113

   Re: *Corsair Gaming, Inc. v. Choice Electronics, Inc.*, Case No. 5:25-cv-00045 BLF (NMC)
   <u>Discovery Dispute – Corsair's Refusal to Appear for Noticed Deposition</u>

Dear Judge Cousins:

   Defendant/Counterclaim-Plaintiff Choice Electronics, Inc. ("Choice") and Plaintiff/Counterclaim-Defendant Corsair Gaming, Inc. ("Corsair") submit this joint statement in accordance with Your Honor's Civil Standing Order in connection with a discovery dispute pertaining to the scheduling of the deposition of Corsair's designated Rule 30(b)(6) witness.

**Choice's Position**

   Choice has recently learned that Corsair is refusing to appear for a Rule 30(b)(6) deposition that has been on the schedule for about a month, and had been rescheduled to that date at Corsair's insistence. Choice respectfully requests that the Court compel Corsair to appear, as noticed, and for the reasonable attorneys' fees expended by Choice in raising this issue to the Court.

   By way of background, on October 30, 2025, Choice properly served Corsair with a Rule 30(b)(6) Notice of Deposition, which noticed the deposition of Corsair's designated witness for November 19, 2025. Due to conflicting schedules, the parties agreed to adjourn the deposition until December 18, 2025. As such, on November 19, 2025, Choice, through its counsel, served a corresponding updated notice of deposition memorializing this agreement.

   However, ten days later, Corsair's counsel advised that deposition could no longer move forward on December 18, 2025, as planned, due to a newly scheduled in-person conference at which Corsair's counsel was required to attend. At the time, fact discovery was scheduled to end on December 31, 2025. As such, Choice served another updated notice of deposition, this time rescheduling the deposition of Corsair's designated Rule 30(b)(6) witness to December 16, 2025. However, Corsair's counsel advised that they, along with Corsair's witness, would not be available on that date. Corsair's counsel advised that Corsair was not available "during the holidays" nor "the first week after the holidays" but that "Corsair is available for its Rule 30(b)(6) deposition the following week, on either January 15 or January 16, provided the parties stipulate to a corresponding extension of the fact discovery deadline."

Left with no choice but to extend the schedule so that they could pursue the Rule 30(b)(6) deposition of Corsair, on December 18, 2025, Choice reluctantly agreed to yet another extension of the discovery schedule and the parties submitted a stipulation to that effect. (ECF No. 60.) Specifically, based on Corsair's express representation that its designated Rule 30(b)(6) witness would be available on January 15, 2026, the Stipulation requested that the Court extend the fact discovery deadline to January 16, 2026, to allow for "certain key depositions, namely that of Corsair's designated Rule 30(b)(6) witness." (*Id.* at ¶ 6). On December 19, 2025, the Court granted the Stipulation, as modified. (ECF No. 61).

Now, however, Corsair and its counsel are attempting to delay this deposition (and thereby extend the fact discovery schedule, yet again) by claiming that they are no longer available on January 15, 2026, and that they will not be until January 28, 2026, at the earliest (*i.e.,* after the close of fact discovery). Corsair's proffered reason for refusing to appear on January 15 are nonsense.

First, Corsair's counsel has argued that Choice only gave Corsair "six days' notice" of this deposition because the updated notice of deposition formalizing the parties' agreed-upon adjourned date was served on January 6, 2026. But, Corsair has been on notice that this deposition would take place as early as October 30, 2025, when the notice of deposition was initially served. Moreover, the currently noticed January 15, 2026, deposition was insisted on by none other than Corsair. The deposition taking place on that date was the very basis for entering into the Stipulation and the revised Case Management deadlines proposed therein.

Second, Corsair's counsel has taken issue with the number and scope of the deposition topics. Again, Corsair's complaints are disingenuous. The identified deposition topics have remained the same since October 30, 2025, and the parties met and conferred regarding those topics on November 14, 2025. Simply put, there is no reason for the deposition of Corsair's designated Rule 30(b)(6) witness not to proceed before the expiration of fact discovery on January 16, 2026.

## Corsair's Position

After opposing Corsair's request for an extension of fact discovery, Choice appears to have realized that it had not yet taken the deposition of Corsair's Rule 30(b)(6) witness. As a result, on Thursday, Choice served a Rule 30(b)(6) deposition notice for Corsair just before midnight. The email transmitting that notice is reproduced below:

**From:** Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Sent:** Thursday, January 08, 2026 10:18 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Haycock, Jason N. <Jason.Haycock@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Sandra A. Hudak <shudak@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Subject:** Corsair Gaming, Inc. v. Choice Electronics Inc., No. 5:25-cv-00045-BLF (N.D. Cal.) - Updated Notice of Deposition

Counsel,

You previously represented that your client is available for deposition on January 15, 2026. Accordingly, attached for service, please find an updated notice of deposition for Corsair's designated Rule 30(b)(6) witness.

Regards,
Michael

Corsair's counsel responded, stating that it was not reasonable to notice a 31-topic deposition on 6 days notice, but offered dates two-weeks later for the deposition:

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Monday, January 12, 2026 1:31 PM
**To:** Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Sandra A. Hudak <shudak@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Haycock, Jason N. <Jason.Haycock@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>
**Subject:** [EXT] RE: Corsair Gaming, Inc. v. Choice Electronics Inc., No. 5:25-cv-00045-BLF (N.D. Cal.) - Updated Notice of Deposition

Michael,

Six days' notice for a Rule 30(b)(6) deposition is, on its face, unreasonable, particularly where the notice identifies thirty one separate topics. That timeframe does not permit Corsair to prepare a witness to testify on matters known or reasonably available to the company, as Rule 30(b)(6) requires.

The problem is compounded by the scope of the topics. Twenty of the thirty one topics concern "Corsair Products," which the notice defines as any item or product marketed or sold under the Corsair trademarks. That definition sweeps in hundreds of distinct products, the vast majority of which have no connection to the claims or defenses in this case. Preparing a corporate witness to testify on that universe of products within six days is simply not feasible and far exceeds what Rule 30(b)(6) contemplates. We should meet and confer regarding narrowing the product related topics to the specific products actually at issue in this action in order to reduce the preparation burden and avoid unnecessary disputes. Kindly let me know whether you are agreeable to doing so.

Separately, while January 15 deposition date was discussed in December, you indicated at that time that the date did not work, and no deposition notice for this date was ever served (until received below). As a result, the date was not held and it is no longer available. Based on my schedule, January 28 through 30 are available. If any of those dates work for you, I am happy to confirm availability with my client.

Kindly let me know how you would like to proceed. If compromised cannot be reached, my client can file a protective order with the Court, but I am hopeful that we can resolve this issue without Court involvement.

Best,
Morgan

As an initial matter, the above communications make clear that Choice did not even attempt the required meet and confer before bringing this motion. Indeed, their letter makes clear that no meet and confer has taken place. Indeed, a meet and confer was not even attempted. That alone is fatal and is reason enough to deny the motion.

Moreover, the above communications reflect that Choice did not serve a formal notice setting a January 15 deposition until late in the evening on Thursday, January 8, just before midnight. It is undisputed that this was the first time Corsair received a formal notice for the proposed January 15 deposition. Also undisputed is the fact that the deposition notice provided only six days' notice and identified thirty-one topics for examination, twenty of which concern "Corsair Products," a term defined so broadly that it encompasses hundreds of distinct products, most of which have no relevance to this case. Proceeding on that timeline would not allow Corsair to identify an appropriate designee or prepare a witness to testify on matters known or reasonably available to the company, as Rule 30(b)(6) requires. Indeed, courts have had little trouble ruling that deposition notices sent at the end of discovery on a few days' notice are unreasonable and improper. *See Tyler v. City of San Diego*, 2015 WL 1956434, at \*2 (S.D. Cal. Apr. 29, 2015) (finding *s*even days insufficient notice to adequately prepare for a 30(b)(6) deposition); *Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, at \*3 (C.D. Ill. 2012) ("Seven business days is not reasonable notice to prepare a witness to testify on all of these [fourteen topics and thirteen sub-] topics."); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (denying a motion to compel the deposition of defendant employees after plaintiff unilaterally noticed depositions with 10 business days' notice just over 2 weeks before the discovery cutoff); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 438669, at \*1 (D. Nev. 2013) (holding that 11 days did not provide reasonable notice of deposition where plaintiff's case had been pending nearly a year and the depositions were noticed two weeks before the discovery cutoff).

3

Importantly, the emails also demonstrate that Corsair did not refuse to produce a Rule 30(b)(6) witness.  Quite to the contrary, Corsair promptly explained why the January 15 notice was unreasonable and invited Choice to meet and confer regarding both scope and scheduling. Corsair specifically proposed alternative dates of January 28 through 30 and offered to work cooperatively to narrow the product related topics to the products actually at issue in this action in order to reduce the preparation burden and avoid unnecessary disputes.

Rather than meet and confer and select a mutually agreeable date, as Corsair offered, Choice instead elected to characterize the issue as an "emergency" and seek Court intervention, demanding that Corsair insert its portion of a discovery letter immediately.  That approach overlooks both the timing of Choice's midnight notice and Corsair's efforts to move the deposition forward on reasonable notice and reasonable scope.

Corsair remains willing to produce a properly prepared Rule 30(b)(6) witness on reasonable notice and on a narrowed, case-relevant set of topics.  What Corsair cannot do is proceed on six days' notice, following a notice served just before midnight, on sweeping topics, when neither the appropriate corporate witness (or potentially witnesses) nor counsel are available, and when the result would be an unproductive deposition and further disputes.  Accordingly, Corsair asks that the motion be denied or that Corsair be provided further opportunity to discuss this matter at the discovery hearing already scheduled for 1/21/2026, at 11:00 AM in San Jose before Your Honor.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Sandra A. Hudak*

Sandra A. Hudak

*/s/ Morgan Nickerson (with permission)*

Morgan Nickerson

cc: All Counsel of Record via ECF