K&L GATES

January 16, 2026

Morgan T. Nickerson
morgan.nickerson@klgates.com

T +1 617 261 3134
F +1 617 261 3175

The Honorable Nathanael M. Cousins
U.S. District Court, Northern District of California
280 South First Street, Courtroom 4
San Jose, CA 95113

***Re:*** ***Corsair Gaming, Inc. v. Choice Electronics Inc., C.A. 5:25-cv-00045 – Discovery Letter***

Dear Judge Cousins:

Plaintiff and Counterclaim Defendant Corsair Gaming, Inc. and Corsair Memory, Inc (collectively, "Corsair") jointly with Defendant and Counterclaim Plaintiff Choice Electronics, Inc.'s ("Choice") submit this discovery dispute letter pursuant to the Court's Civil Standing Order.

**Corsair's Position**

Corsair seeks an order compelling the deposition of Choice's warehouse manager, Bentzion Schaffron, who failed to appear for a properly noticed deposition on January 12, 2026. Choice made a strategic decision not to produce Mr. Schaffron, asserting that he was not required to appear because Choice claims (1) a subpoena was required and (2) it did not understand the deposition was proceeding as noticed. The record demonstrates that both assertions are incorrect. Mr. Schaffron is a manager of Choice for whom a deposition notice under Rule 30(b)(1) was sufficient, and Choice had clear notice that the deposition was going forward. His non-appearance was unjustified.

**Background and Timeline.** Corsair first noticed the deposition of Mr. Schaffron on November 18, 2025, setting his deposition for December 16, 2025. Importantly, Choice did not object to the deposition on the ground that a subpoena was required or otherwise assert that Mr. Schaffron could not be compelled to appear by deposition notice alone. Indeed, on December 9, one week before the scheduled deposition, Choice emailed and "propose[d] postponing" Mr. Schaffron's deposition to a later date, confirming that Choice understood the deposition was expected to proceed, even if rescheduled. On December 15, 2025, Choice shifted its position, asserting for the first time that it believed the deposition had been adjourned and that Mr. Schaffron would need to be subpoenaed. Even though not required, and in an effort to avoid a dispute, Corsair requested an address at which to serve a subpoena. Choice refused to provide an address for Mr. Schaffron.

Corsair then re-noticed the deposition on December 22, 2025, setting the deposition for January 12, 2026. On January 6, Corsair again requested confirmation of Mr. Schaffron's January 12 deposition. On January 8, Choice asserted that it did not represent Mr. Schaffron, that he was not an officer, director, or managing agent of Choice, and that his deposition could proceed only if he were subpoenaed. Later that same day, Corsair reiterated that Mr. Schaffron had been identified in sworn testimony as a manager who controls the inflow and outflow of the products at issue, and therefore could be compelled to appear by deposition notice alone. Corsair further explained that, although no subpoena was required, it would serve one if Choice provided Mr. Schaffron's address.

Choice did not provide an address. Instead, on the evening of January 9, Choice asserted that "no reasonable attorney could believe" the deposition was going forward and claimed, for the first time, that the issue was "closed." The following morning, Corsair responded in writing, making clear that it had never withdrawn the deposition, that the deposition had been properly noticed, and that Corsair would appear and was prepared to proceed.

On January 12, 2026, Corsair appeared for the deposition at the noticed time and location. Mr. Schaffron did not appear. Corsair went on the record and stated that the witness was not present. The deposition was not cancelled or withdrawn. Instead, Corsair held the deposition open pending Court intervention.

**Choice's Claim That It Did Not Know the Deposition Was Proceeding Is Unsupported.** Choice's assertion that it did not understand the deposition was proceeding is contradicted by the record. Corsair noticed the deposition, re-noticed it, followed up to confirm availability, and repeatedly stated its intent to proceed. At no point did Corsair withdraw the notice or state that the deposition would not take place as noticed. At no point did Choice seek a protective order or request clarification from the Court. Courts in this District routinely reject such after-the-fact explanations where the noticing party complied with the Federal Rules and the opposing party failed to timely seek relief.

**A Subpoena Was Not Required.** Choice's position rests on the incorrect premise that Mr. Schaffron could only be compelled to appear via subpoena. The record shows otherwise. During sworn testimony, Choice's CEO, Mr. Greenspan, testified that Mr. Schaffron is the only manager at Choice and that he specifically controlled the inflow and outflow of the Corsair products at issue in this litigation. Mr. Greenspan further testified that Mr. Schaffron is the only salaried employee at Choice and that he is solely responsible for listing Corsair products on Amazon. These facts establish that Mr. Schaffron exercises judgment on behalf of Choice and has substantial responsibility over matters directly at issue in this case. Under Rule 30(b)(1), a deposition notice was sufficient to compel his attendance. No subpoena was required.

Even if a subpoena were required, Choice's conduct would still not excuse Mr. Schaffron's failure to appear. Corsair does not possess Mr. Schaffron's address. Corsair expressly requested that information and offered to serve a subpoena if Choice would provide it. Choice refused. A party cannot withhold a witness's contact information and then argue that the opposing party failed to subpoena that witness.

**Relief Requested.** Corsair respectfully requests that the Court order Choice to produce Mr. Schaffron for deposition. Corsair further requests that the Court order Choice to reimburse Corsair for the court reporter costs incurred as a result of Mr. Schaffron's failure to appear for a properly noticed deposition, as well as Corsair's attorney fees in bringing this issue to the Court's attention.

Corsair has acted diligently and in good faith throughout discovery. Mr. Schaffron's nonappearance was not the result of any failure by Corsair to comply with the Federal Rules, but rather Choice's strategic refusal to produce a key witness based on arguments contradicted by both the law and the record. An order compelling Mr. Schaffron's attendance, together with reimbursement of the costs and fees caused by his non-appearance, is warranted.

**Choice's Position**

Corsair's Motion misrepresents the relevant facts. It never "properly noticed" a deposition of Mr. Schaffron, at least because: (1) Mr. Schaffron is not an "officer, director, or managing agent" subject to notice under Rule 30(b)(1); (2) Corsair never served (nor attempted to serve) a subpoena on Mr. Schaffron; and (3) Corsair's purported deposition notice called for a deposition by remote means, but the parties never stipulated to such means pursuant to Rule 30(b)(4). Indeed, Corsair's Motion is just the latest example of its gamesmanship throughout discovery; Corsair repeatedly complains about non-existent "deficiencies" in Choice's discovery to deflect from Corsair's refusal to comply with its discovery obligations in good faith. For example, with respect to the present deposition "dispute," Corsair had previously stipulated that it ***would not*** be pursuing a deposition of Mr. Schaffron, based on the understanding that Choice would similarly forego depositions of two of Corsair's employees in the interest of conserving the parties' resources. Now that Corsair has apparently changed its mind, it nonetheless refuses to cooperate in scheduling the depositions of those two Corsair employees. In all events, Corsair's Motion is not substantially justified; Corsair's Motion should be denied and Choice should be awarded its reasonable attorneys' fees incurred in responding.

*Mr. Schaffron Is Not a "Managing Agent" Subject to Deposition by Notice per Rule 30(b)(1)*

Pursuant to Rule 30(b)(1), only a party to a litigation, or an "officer, director, or managing agent" of a corporate party, is subject to a notice of deposition. *See, e.g.*, *Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2015 WL 848554, at *3 (N.D. Cal. Jan. 28, 2015). "[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Such employees must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure." *Id.* (internal citation and quotation omitted). Mr. Schaffron does not does not qualify as an officer, director, or managing agent, nor was he ever subpoenaed.

To be clear, Mr. Schaffron is a warehouse stocking clerk, who has no information relating to this case. Corsair nevertheless argues that Mr. Schaffron qualifies as a "managing agent" because his title at Choice is a "warehouse manager." But the mere fact that Mr. Schaffron's job title includes the word "manager" is irrelevant. *See, e.g.*, *Finley v. Count of Martin*, No. C-07-5922 EMC, 2009 WL 3320263, at *2 (N.D. Cal. Oct. 13, 2009) ("[T]he fact that [the requested witness] has the word 'manager' in her title is not enough to establish that she is a managing agent.").

Corsair further argues that Mr. Schaffron qualifies as a "managing agent" because he is purportedly "the only manager at Choice"; "he specifically controlled the inflow and outflow of the Corsair products at issue in this litigation"; and "is solely responsible for listing Corsair products on Amazon." First, Corsair's representations about Choice's deposition testimony via are not accurate. For example, Mr. Greenspan—Choice's CEO Rule 30(b)(6) representative—testified that he, himself "go[es] to the warehouse almost every day" to "oversee what's going on," answer questions, and "double-check" Mr. Schaffron's and the other Choice employees' work. Accordingly, Mr. Greenspan explained that he is "the most knowledgeable with whatever is going on in the warehouse." Regardless of Corsair's (mis)representations, Mr. Schaffron does not have the authority to exercise high-level judgment regarding Choice's business. "[D]ecision-making authority alone does not make a managing agent. Every position of employment requires some level of judgment" but that does not equate to an "exercise[ of] judgment and discretion in *corporate matters*." *Rice v. Experian Info. Sols., Inc.*, No. CV 24-7394 SPG (PVCX), 2025 WL 1921959, at *4 (C.D. Cal. July 9, 2025) (quotation omitted) (emphasis in original). The fact that Mr. Greenspan is "in [a] position[] of higher authority" than Mr. Schaffron further confirms that Mr. Schaffron is not a "managing agent" subject to deposition notice under Rule 30(b)(1). *Id.* at *4–5.

Corsair argues that Choice somehow waived this Rule 30(b)(1) issue because Choice purportedly "did not object to the deposition" after being served with a notice at the end of November. Corsair is rewriting history. As discussed herein, Corsair had previously indicated in meet and confers in early December that it would not be pursuing the deposition in exchange for Choice not pursuing depositions of two of Corsair employees. When Corsair appeared to change its mind by sending a deposition link for Mr. Schaffron on December 15, Choice immediately clarified that "Mr. Schaffron is not "an officer, director, or managing agent is not subject to deposition by notice" under Rule 30(b)(1)" and that Choice's counsel was "going to look into [whether they could accept service of a subpoena on Mr. Schaffron's behalf] but did not do so based on [the parties'] discussions" concerning the parties' stipulation that Corsair would not be pursuing the deposition.

And, contrary to Corsair's assertions, Choice never "refused to provide an address for Mr. Schaffron." Nor did Corsair ever "explain[] that . . . it would serve [a subpoena] if Choice provided Mr. Schaffron's address." Instead, in response to Choice's offer to provide Mr. Schaffron's address, Corsair insisted that a subpoena was not necessary and that "the deposition will proceed as noticed." Corsair's misrepresentations to the Court must not be allowed to continue.

*Even if Mr. Schaffron Were Subject to a Rule 30(b)(1) Notice, Corsair's Notice Was Not Proper*

Corsair fails to mention that its purported deposition notice of Mr. Schaffron stated that the deposition would be taking place by "remote audio-visual conference." Since the parties never stipulated that the deposition would be taken by remote means, the deposition notice was not proper under Rule 30(b)(4), and Corsair's Motion may be denied for this reason too. *See, e.g.*, *Edwards v. Juan Martinez, Inc.*, No. 2:20-CV-00570-JAD-EJY, 2021 WL 12295882, at *5 (D. Nev. May 3, 2021) ("[I]t is undisputed that the plain language of FRCP 30(b)(4) requires the deposing party to seek a stipulation or obtain a court order before noticing a remote deposition. . . . Considering . . . [the noticing party's] failure to comply with Rule 30(b)(4), the Court finds

that it would be unjust to hold that [the responding party's] failure to appear for his deposition is sanctionable."), *objections overruled*, 2021 WL 2638145 (D. Nev. June 25, 2021). Moreover, throughout this litigation, Corsair's counsel, Mr. Nickerson, has repeatedly stated that he is ***unable*** to take depositions by video means because he has difficulties with technology. This confirms that the last-minute deposition notice was just a ruse and Corsair never intended to follow through.

*Corsair's Motion Is a Continuation of Its Gamesmanship, and Corsair Should Be Admonished to Provide Its Witnesses for Deposition*

Corsair's characterization of Choice's position as "not understand[ing] the deposition was proceeding as noticed" is yet another mischaracterization by Corsair. The issue is that Corsair refused all attempts to work in good faith regarding their desire to depose Mr. Schaffron, and instead steamrolled ahead with its plan to take Mr. Schaffron's via an (improper) notice. As noted above, Corsair reneged on its prior agreement that it would not pursue the deposition of Mr. Schaffron, if Choice would not pursue the depositions of two Corsair employees (i.e., Laurie Carrion and Elmer Fong) for which Choice had served deposition notices on November 19 for depositions on December 19 and 22. The agreement (originally proposed by Corsair's counsel) was discussed during a meet and confer that took place on or around December 5, and was confirmed in email exchanges between December 5 and 9.

When Corsair changed course last week and insisted that it wished to proceed with Mr. Schaffron's deposition on January 12,[1] Choice reiterated its position that Mr. Schaffron was not subject to a Rule 30(b)(1) deposition notice but that it would attempt to obtain an address for a subpoena, and asked that Corsair provide proposed dates for the depositions of Ms. Carrion and Mr. Fong. ***Corsair refused***.

Any purported costs incurred by Corsair in appearing at a remote deposition that knew was not proceeding are a result of its own gamesmanship. Nor were there any such costs. Counsel for Choice made clear that the deposition was not going forward and received confirmation from the court reporter that the deposition had been cancelled. Corsair's Motion should be denied and Corsair should be ordered to provide deposition dates for Ms. Carrion and Mr. Fong without further delay.

[1] Choice notes that, when Choice sought dates for Corsair's Rule 30(b)(6) deposition after Corsair refused to appear for its December 18, 2025 deposition (*see* ECF No. 70), Corsair's counsel insisted that they were not available December 19 through January 14.

Respectfully submitted,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson

cc: All counsel of record via ECF