# Exhibit A

**From:** Sandra A. Hudak
**Sent:** Wednesday, February 4, 2026 12:04 PM
**To:** Nickerson, Morgan T.
**Cc:** Mark Berkowitz; Langan, Sally P.; Cooney, Mallory M.; Yamahata, Taylor; McKelvey, Bridget K.; Michael Benzaki
**Subject:** RE: Corsair v Choice - Discovery Hearing Follow up

Morgan,

Since Corsair is saying that it is unavailable for a hearing for 3 straight weeks, and has not yet provided proposed deposition dates, committed to a date for a supplemental production, or provided its custodian information, I think we need to change the framework of the letter. We propose that the parties submit a letter today requesting an adjournment of today's deadline and next week's conference, explaining that the parties need a little more time to meet and confer, and proposing that the parties submit a further status report by next Wednesday either setting forth their respective remaining disputes or including a further proposal as to how to proceed.

If that is acceptable to Corsair, please prepare a joint letter for our review.

Regards,
Sandra

**Sandra A. Hudak | Partner**
T: 212-216-1174 | F: 212-216-8001
shudak@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn

*Crain's 2025 Best Places to Work in NYC*

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Wednesday, February 4, 2026 8:52 AM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** [EXT] RE: Corsair v Choice - Discovery Hearing Follow up

I am fine with an update on Feb 25. Unfortunately, I already have a hearing on March 4. We could push the hearing until March 18 or simply say in the letter that we will provide a status update on Feb 25 and leave it without a further hearing date. Thoughts?

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Wednesday, February 04, 2026 12:08 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K.

<Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** RE: Corsair v Choice - Discovery Hearing Follow up

If that's the case, how about February 25 for the report, and March 4 for a remote conference? As noted, we are unavailable on March 11.

**Sandra A. Hudak | Partner**
T: 212-216-1174 | F: 212-216-8001
shudak@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn

***Crain's 2025 Best Places to Work in NYC***

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Tuesday, February 3, 2026 3:47 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** [EXT] Re: Corsair v Choice - Discovery Hearing Follow up

Yes - as stated in Court when we chose the 11th.

Get Outlook for iOS

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Tuesday, February 3, 2026 3:41:29 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** Re: Corsair v Choice - Discovery Hearing Follow up

Morgan, are you saying that you are unavailable on both February 18 and February 25?

**Sandra A. Hudak | Partner**
T: 212-216-1174 | F: 212-216-8001
shudak@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn

***Crain's 2025 Best Places to Work in NYC***

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Tuesday, February 3, 2026 3:12:36 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>

**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** [EXT] RE: Corsair v Choice - Discovery Hearing Follow up

My quote was something along the lines of "my wife will kill me if we schedule anything that week" to which the Court replied, "well we don't want any murders."

On what date do you propose the conference go forward? Next Wednesday (Feb 11) or the date I proposed (March 11)? The date you proposed (Feb 25) does not work as I indicated to the Court. I believe the Court has already once ruled and made clear that it prefers discovery conferences to take place in person, but I can certainly entertain a joint request if we can find a date that is convenient for all.

Best,
Morgan

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Tuesday, February 03, 2026 2:54 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** RE: Corsair v Choice - Discovery Hearing Follow up

Morgan,

I do not recall that—my recollection is that you told the Court that you were unavailable to appear for a conference on February 18 due to a long-planned vacation, which is why the Court offered the week before, i.e., February 11. In all events, we are proposing that the parties request that the conference proceed remotely. Please advise.

Regards,
Sandra

**Sandra A. Hudak | Partner**
T: 212-216-1174 | F: 212-216-8001
shudak@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn

*Crain's 2025 Best Places to Work in NYC*

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Tuesday, February 3, 2026 2:34 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** [EXT] RE: Corsair v Choice - Discovery Hearing Follow up

Hi Sandra,

As you may recall, February 25 is the date the Judge originally set the hearing and I informed the Court that it was my kids vacation and he moved it. Let me know if the dates I proposed work for you of if there are other dates you propose.

Best,
Morgan

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Tuesday, February 03, 2026 2:30 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** RE: Corsair v Choice - Discovery Hearing Follow up

Morgan,

It is unclear to us why you have not "recei[ved] . . . feedback from [your] client" given that these issues have been pending since last fall. They were also discussed at length during our meet and confer two weeks ago and Corsair committed to providing this information and documents, as well as deposition dates.

In all events, we consent to the notion of requesting a short extension of time to submit the joint report and conduct any further hearing. We are not available on March 11. We would propose an extension whereby the joint report is due February 18, and the parties would appear remotely on February 25. If that is acceptable to Plaintiff, please prepare a joint letter for our review.

Thanks,
Sandra

25 years Tarter Krinsky & Drogin
**Sandra A. Hudak | Partner**
T: 212-216-1174 | F: 212-216-8001
shudak@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn

***Crain's 2025 Best Places to Work in NYC***

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Tuesday, February 3, 2026 11:49 AM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** [EXT] RE: Corsair v Choice - Discovery Hearing Follow up

Hi Sandra,

I will respond in substance to the below email upon receipt of feedback from my client.

In the meantime, I note that we have a joint status report filing due with the Court tomorrow and are scheduled for another in-person hearing in front of Judge Cousins next Wednesday in San Jose. I propose that we file a joint letter pushing these deadline out a month whereby a further joint statement is due March 4 and a further hearing is schedule for March 11. If this is acceptable, kindly let me know and we will prepare a joint letter for your review.

Best,
Morgan

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Monday, February 02, 2026 6:58 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** RE: Corsair v Choice - Discovery Hearing Follow up

Morgan,

A few items that were discussed during our January 21, 2026 meet and confer are missing from your list below. Those items, and Defendant's responses and comments to the items in your list are included in **blue** below.

Regards,
Sandra

**Sandra A. Hudak | Partner**
T: 212-216-1174 | F: 212-216-8001
shudak@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn

*Crain's 2025 Best Places to Work in NYC*

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Friday, January 30, 2026 11:33 AM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Langan, Sally P. <Sally.Langan@klgates.com>; Cooney, Mallory M. <Mallory.Cooney@klgates.com>; Yamahata, Taylor <Taylor.Yamahata@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Michael Benzaki <mbenzaki@tarterkrinsky.com>
**Subject:** [EXT] Corsair v Choice - Discovery Hearing Follow up

Sandra,

I wanted to follow up on issues that remain outstanding since our recent discovery hearing before Judge Cousins. As follows is my bullet pointed list of issues that I would like to work through together.

- **Corsair Search Terms**. As I mentioned at the hearing, we asked Choice for a list of proposed search terms last October. We remain willing to consider a list or proposed search terms if you would like to send us the same. At present, for non-specific emails (we have search for and produced target emails based on some requests), we have searched for "Choice Electronics" and "variation" on the following custodians: Jukka Koskela, Laurie Carrion, and Elmer Fong.

**For the record, it is not true that "[Corsair] asked Choice for a list of proposed search terms last October" or ever. Rather, Corsair's position until the January 21 meet and confer was that it would not disclose the custodians they searched, or the search terms used. In all events, we are optimistic that Corsair has represented that it is willing to confer over its searching. However, we are still in the dark as to what you mean by the statement that Corsair has "search[ed] for and produced target emails based on some requests".**

- **As a starting point, it would be helpful to know which "requests" were the target of those "search[es]", and what "search[es]" were performed, and on what custodians.**
- **We also need to circle back to the custodians being searched.**
  - **One issue that we discussed during our January 21 meet and confer was whether Corsair has a central location for storing electronic documents (you represented that Corsair had no physical documents), or whether non-email documents were being stored on a custodian-by-custodian basis and if those documents were being searched (you did not know). Please advise.**
  - **Another issue that the parties have been discussing since August 2025 is that Corsair has yet to comply with section 4(b) of the ESI Protocol, which requires Corsair to identify the following custodians (identified by job description)**

    **Corsair Gaming**

    i. **Customer Service Managers (or other employees) responsible for managing (a) consumer product complaints; (b) consumers claims made pursuant to the "CORSAIR WARRANTY" referenced in the Complaint (ECF No. 1)**
    ii. **E-commerce Channel Marketing Managers**
    iii. **Online and Digital Marketing Managers**
    iv. **Supply Chain Managers**
    v. **Sales and/or Sales Operations Managers**
    vi. **Employees responsible for "brand protection" with specific knowledge of brand protection initiatives on online marketplaces like Amazon.**

    **Corsair Memory**

    i. **Employees responsible for trademark licensing and brand protection**

  **Once we have the list of custodians requested, we will provide search terms**

- **Amazon Documents.** During the meet and confer, you stated that you would be willing to send us all communication between your firm and Davis Wright Tremaine ("DWT") (AMZN's lawfirm as to the subpoena). You indicated that you have no intention of having Amazon submit a declaration or affidavit in lieu of deposition testimony and that the only communication has been the cover letter to their subpoena response. We ask that you send us this cover letter and any other communication you have had with DWT in regards to this case. Also, kindly confirm that my understanding is correct and that you are no longing pursuing information from the subpoena to AMZN and that you have no intention of having Amazon submit a declaration or affidavit in lieu of deposition testimony. If I am incorrect on any of these points, kindly let me know.
  **Corsair's description of this issue is inaccurate. Obviously, any communications to be produced would be limited to communications concerning Choice's subpoena to Amazon in this action (our law firm has many communications with Davis Wright Tremaine, concerning a variety of matters). We also never "indicated that [Choice] ha[s] no intention of having Amazon submit a declaration or affidavit." Choice already produced Amazon's written objections to the subpoena; since Corsair insists on the cover email too, we will produce that. There are currently no other written communications between Choice and Amazon regarding the subpoena.**

- **Address for Mr. Schaffron**. While my client does not believe a subpoena is necessary, we agree that you would send us Mr. Schaffron's address so that we could subpoena his deposition testimony. Kindly provide the same at your earliest convenience so that we may notice his deposition.
  **As you know, Choice's understanding was that Corsair had previously agreed that it would not pursue the deposition of Mr. Schaffron, if Choice would not pursue the depositions of two Corsair employees (i.e., Laurie Carrion and Elmer Fong). We understand that Corsair has now changed course, and thus Choice will attempt**

**to obtain an address for Mr. Schaffron. In the meantime, please provide proposed dates for the following depositions:**

- **Dates for the depositions of Ms. Carrion and Mr. Fong. Corsair committed to providing availability for these two witnesses during the January 21, 2026 meet and confer, and that Corsair would produce these witnesses pursuant to deposition notices. Please provide dates for this month.**
- **Dates for the Rule 30(b)(6) deposition of Corsair/Mr. Koskela. We understand that Corsair's Rule 30(b)(6) witness will be Mr. Koselka, and thus intend to notice Mr. Koselka's deposition to take place concurrently with the Rule 30(b)(6) deposition. In all events, please provide dates for this month for Corsair's Rule 30(b)(6) witness and Mr. Koselka.**
  **We are currently available on February 17, 19, 23, 24, and 25.**

- **WhatsApp communication.** We have asked for the entire WhatsApp communication between your client [redacted] My understanding is that you are refusing to provide the same. Kindly confirm if this remains the case. You stated that you were willing to provide the time date of the communications you did produce as well as any links contained in the same. Kindly produce this information at your earliest convenience.
  **As explained, there is no basis for the production of every single WhatsApp message between Choice and its supplier. (We again ask that Corsair refrain from the superfluous use of the supplier's name, given Choice's treatment of the supplier's identity as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY). Demanding an "entire WhatsApp" is like demanding every email exchanged between two parties.**
  **With respect to the time and date of the WhatsApp messages that were produced, and links contained therein (if any), Choice will provide that information.**

- **Corsair Documents.** You stated that you are missing documents that Corsair agreed to provide. Kindly provide a list of what documents you believe to be missing and I will work to get you the documents as soon as possible.
  **As discussed in, *inter alia*, our January 20, 2026 Letter and January 21, 2026 meet and confer, Corsair's document production is missing at least the following documents, which Corsair agreed at the January 21 Conference to produce:**
  - **An organizational chart for Corsair (RFP No. 1)**
  - **Documents sufficient to show Corsair's revenues and profits generated from sales of CORSAIR products, at a product level (RFP Nos. 13–15)**
  - **Documents sufficient to identify online seller accounts (e.g., Amazon sellers) owned and/or operated by Corsair and any other person/entity in active participation with Corsair (RFP Nos. 16–17)**
  - **Documents concerning the purported Corsair Warranty, including claims made by customers of Corsair Products not purchased by purported "authorized sellers." (RFP Nos. 19–20 and 53–55)**
  - **Documents sufficient to identify each of Corsair's B2B customers (RFP Nos. 22 and 25)**
  - **A copy of each settlement agreement concerning enforcement of the Corsair Trademarks (RFP No. 28)**
  - **Photographs of the packaging of each Corsair Product authorized for sale by Corsair in the United States (RFP No. 37)**
  - **All documents and Communications concerning Corsair Listings, including communications with Amazon regarding such listings (RFP Nos. 5, 6, 7, and 8). You represented during the meet and confer that no such documents exist because Corsair provides Amazon with directions regarding creation of the listings via a vendor platform. If that is the case, please advise, and advise whether there are nonetheless internal communications concerning the contents of those communications with Amazon.**
  - **All agreements with Corsair Authorized Resellers, and any other agreements concerning the asserted Corsair Trademarks (RFP Nos. 23, 38 and 40)**
  - **Documents concerning Corsair's enforcement efforts, including communications with and about third-parties concerning Corsair's challenges to their resale of CORSAIR products (RFP Nos. 26–27 and 29–34)**
  - **Customer complaints concerning CORSAIR Products (RFP No. 18 & Interrogatory No. 7) You represented during the meet and confer that such documents would only be maintained by a "call center" and that you would investigate whether such records could be exported.**
  - **A supplemental response to Interrogatory No. 9 disclosing Corsair's damages theory**

- **A supplemental response to Interrogatory No. 10, and to Corsair's Initial Disclosures, identifying fact witnesses Corsair intends to call at trial**

If there are any other issues that remain outstanding, kindly let me know. I am available next week to hop on a call if you would find that helpful.

Best,
Morgan

**Morgan T. Nickerson**
Partner
K&L Gates LLP
1 Congress Street
Boston, MA 02111
T-617.261.3134
F-617.261.3175
morgan.nickerson@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Morgan.Nickerson@klgates.com.

---

***Notice to Foreign IP Agents: Please copy manageddocket@docket.tarterkrinsky.com on prosecution matters and ap@tarterkrinsky.com for invoice submissions. Thank you.***

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

---

***Notice to Foreign IP Agents: Please copy manageddocket@docket.tarterkrinsky.com on prosecution matters and ap@tarterkrinsky.com for invoice submissions. Thank you.***