K&L GATES

Morgan T. Nickerson
morgan.nickerson@klgates.com

T +1 617 261 3134
F +1 617 261 3175

March 30, 2026

The Honorable Nathanael M. Cousins
U.S. District Court, Northern District of California
280 South First Street, Courtroom 4
San Jose, CA 95113

***Re: Corsair Gaming, Inc. v. Choice Electronics Inc., C.A. 5:25-cv-00045***
***Discovery Letter***

Dear Judge Cousins:

Plaintiff Corsair Gaming, Inc. respectfully submits this response to Choice Electronics Inc.'s ("Choice") March 26, 2026 "supplemental" letter. (*see* Dkt. 99).

As an initial matter, Choice's submission should be stricken. It violates the Court's standing order governing discovery disputes, which requires that disputes be presented through a joint letter and prohibits unilateral supplemental filings absent leave of Court. Choice did not seek, and was not granted, leave to file this additional submission. This is not the first time Choice has disregarded the Court's procedures, and the Court has previously cautioned counsel regarding this exact type of conduct. Allowing this filing would reward the very behavior the Court has already addressed.

For that reason alone, Corsair respectfully requests that the supplemental letter be stricken.

Even setting aside these procedural defects, the submission presents a one-sided and misleading account of the Rule 30(b)(6) deposition of Mr. Koskela.

The deposition lasted nearly ***seven and a half hours on the record*** and nearly ten hours in total over the course of a single day. Choice noticed 31 topics, many of which were overly broad or indecipherable. Mr. Koskela was prepared and testified extensively on the subjects relevant to this case, which is the purpose of a Rule 30(b)(6) deposition. Choice had a full and fair opportunity to examine the witness and did so ***at length***.

Notably, despite this extensive testimony, Choice never meaningfully conferred with Corsair regarding any purported deficiencies before filing its "supplemental" letter with the Court. Instead of identifying specific gaps or requesting additional information, Choice again bypassed that process and sought unilateral relief. This pattern mirrors Choice's broader approach in

discovery, attempting to litigate disputes through piecemeal and improper submissions rather than engaging in the cooperative process the rules require.

To the extent Choice now claims additional information is needed, the appropriate course is straightforward: meet and confer, identify specific issues, and, if necessary, present them through the joint letter process the Court has mandated. Choice has not done so here.

For these reasons, Corsair respectfully requests that the Court strike Choice's supplemental submission and decline to consider the relief requested therein.

Respectfully submitted,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson

Counsel for Plaintiff Corsair Gaming, Inc.